T.C. Summary Opinion 2009-55

UNITED STATES TAX COURT

RAFAEL ALEX CONTRERAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5743-08S.                    Filed April 21, 2009.

Rafael Alex Contreras, pro se.

<u>Rachael J. Zepeda</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 2006,
the taxable year at issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $5,517 in petitioner's Federal income tax for 2006. The deficiency is attributable to respondent's denial of the three dependency exemption deductions claimed by petitioner, as well as the denial of petitioner's claim for the child tax credit and the additional child tax credit, and the change in petitioner's filing status from head of household to single.[2]

For the reasons discussed below, we sustain respondent's determination.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and attached exhibits.

At the time the petition was filed, petitioner resided in the State of Arizona.

Petitioner and his ex-wife, Stella Orozco, married in 2000 and had three children. They separated in 2005 and were divorced in April 2006.

Although petitioner initially argued that he and his ex-wife had joint custody of all three children during the entire year at

---

[2] Any remaining adjustments were purely mechanical in nature.

issue, he later conceded that his youngest child, then an infant, lived primarily with Ms. Orozco.  The couple did share joint custody of the two older children for a portion of 2006, but petitioner argues that the two older children lived with him for the greater part of the year.

When the couple separated in 2005, Ms. Orozco and all three children moved into a condominium, and Ms. Orozco had primary custody of the children, subject to visitation by petitioner, until April 2006.  Although the couple attempted to work out a co-parenting plan prior to their official divorce, they were unable to do so until the Maricopa County court intervened and ordered them to share joint custody of the two older children. Because petitioner worked during the week, he saw the children mainly on weekends until the court-ordered custody arrangement went into effect in April 2006.

From April 2006 through the end of the year, the two older children would spend a week with their mother, followed by a week with their father.  Ms. Orozco retained primary custody of the baby, subject to visitation every other weekend by petitioner.

In 2006, petitioner lived with his mother, paying $300 to $400 in rent which covered approximately half of his mother's mortgage payment.  He did not pay utilities, and there is nothing in the record to suggest he paid significant household expenses.

On his 2006 Federal income tax return, petitioner claimed dependency exemption deductions for all three minor children. Petitioner did not attach--and his ex-wife did not sign--a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, releasing the exemptions for any of the children. As noted earlier, he also claimed the child tax credit and the additional child tax credit with respect to each of the three children. He also elected head of household filing status.

In the notice of deficiency, respondent disallowed petitioner's dependency exemption deductions, the child tax credit, and the additional child tax credit; respondent also changed petitioner's filing status to single.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a). This principle was firmly established by the U.S. Supreme Court as early as 1933 and has been reaffirmed by the Supreme Court as recently as 1992. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Under section 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to

ascertaining the taxpayer's tax liability. Sec. 7491(a)(1). In this case there is no such shift because petitioner neither alleged that section 7491 was applicable nor established that he fully complied with the requirements of section 7491(a)(2). The burden of proof remains on petitioner.

Deductions and credits are a matter of legislative grace, and, as just discussed, the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Likewise, the taxpayer is obliged to demonstrate entitlement to an advantageous filing status, such as head of household. Smith v. Commissioner, T.C. Memo. 2008-229.

II. Dependency Exemption Deductions

Section 151(c) authorizes an exemption for each individual who is a dependent of the taxpayer for the taxable year. Section 152 defines the term "dependent", in pertinent part, to include a son or daughter of the taxpayer, under the age of 19, who has the same principal place of abode as the taxpayer for more than one-half of the year.

In the case of divorced parents, a special rule applies:

> SEC. 152(e). Special Rule for Divorced Parents, Etc.--
>
> (1) In General.--* * * if--

(A) a child receives over one-half of the child's support during the calendar year from the child's parents--

(i) who are divorced or legally separated under a decree of divorce or separate maintenance,

(ii) who are separated under a written separation agreement, or

(iii) who live apart at all times during the last 6 months of the calendar year, and--

(B) such child is in the custody of 1 or both of the child's parents for more than one-half of the calendar year, such child shall be treated as being the qualifying child or qualifying relative of the noncustodial parent for a calendar year if the requirements described in paragraph (2) or (3) are met.[3]

(2) Exception Where Custodial Parent Releases Claim to Exemption for the Year.--For purposes of paragraph (1), the requirements described in this paragraph are met with respect to any calendar year if--

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

In other words, the noncustodial parent can gain entitlement to the deduction if the custodial parent executes a valid written

---

[3] Sec. 152(e)(3), dealing with pre-1985 instruments, is inapplicable here.

declaration under section 152(e)(2) releasing the claim to the deduction. The declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a written statement conforming to the substance of Form 8332. <u>Miller v. Commissioner</u>, 114 T.C. 184, 188-189 (2000), affd. on another ground sub nom. <u>Lovejoy v. Commissioner</u>, 293 F.3d 1208 (10th Cir. 2002); <u>Brissett v. Commissioner</u>, T.C. Memo. 2003-310.

Pursuant to section 152(e)(4), the term "custodial parent" means the parent having custody for the greater portion of the calendar year. Section 1.152-4(b), Income Tax Regs., provides that custody is "determined by the terms of the most recent decree of divorce or separate maintenance, or subsequent custody decree, or * * * written separation agreement." If the parents have split custody, the parent with physical custody the greater part of the year is deemed to be the custodial parent. <u>Id.</u> Because the April 2006 divorce decree provided for joint custody of the two older children, we must examine the facts and determine which parent had physical custody for the greater part of the year.[4] On the basis of the record before us, we find that Ms. Orozco had physical custody of the two older children for the greater part of 2006. For the period before the joint custody order went into effect, petitioner and Ms. Orozco experimented

[4] Recall that petitioner conceded that Ms. Orozco was the custodial parent of the youngest child for 2006.

with different custody arrangements, but the children lived with Ms. Orozco and saw petitioner mainly on weekends. This period and that arrangement are sufficient to tip the balance in Ms. Orozco's favor, and she was the custodial parent in 2006.

Because we find that petitioner was not the custodial parent during the year at issue, a Form 8332 or its equivalent would have been required to qualify him for the exception in section 152(e)(2). No such documentation was provided with the tax return or at trial. Accordingly, petitioner is not entitled to claim dependency exemption deductions for any of the children. See Miller v. Commissioner, supra; Chamberlain v. Commissioner, T.C. Memo. 2007-178.

Although it appears that petitioner may have been entitled to claim the children as dependents on his tax return pursuant to the terms of the divorce decree and that Ms. Orozco should have been asked to sign a Form 8332 for 2006, that matter is beyond the scope of our jurisdiction.

Respondent's determination is sustained.

III. Child Tax Credit and Additional Child Tax Credit

Section 24(a) allows a child tax credit with respect to each qualifying child of the taxpayer. Section 24(d) provides that a portion of the credit may be refundable, which portion is commonly referred to as the additional child tax credit.

As just stated, the child tax credit under section 24 is allowed with respect to each qualifying child. As relevant herein, the term "qualifying child" is defined by section 24(c)(1) to mean a qualifying child of the taxpayer as defined in section 152(c) who has not attained age 17. However, as we have previously concluded, the three children lived with their mother for the greater part of 2006. Accordingly, petitioner did not have a qualifying child as defined in section 152(c) in 2006. See also sec. 152(c)(1)(B). Therefore, we hold that petitioner is not entitled to either the child tax credit or an additional child tax credit for that year. Respondent's determination is sustained.

IV. Filing Status

As relevant herein, to qualify for head of household filing status, a taxpayer must pay more than one-half of the cost of maintaining a home and have at least one qualifying child as defined in section 152(c) determined without regard to section 152(e). Sec. 2(b); see sec. 152(c).

Petitioner lacked a qualifying child, and he has not demonstrated that he paid more than one-half the cost of maintaining a home in 2006.

Accordingly, we hold that petitioner is not entitled to head of household filing status for 2006. Respondent's determination of single filing status is therefore sustained.

## V. Conclusion

To reflect our disposition of the disputed issues,

Decision will be entered

for respondent.