T.C. Memo. 2008-229

UNITED STATES TAX COURT

MAXINE SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20578-03L.                    Filed October 8, 2008.

Maxine Smith, pro se.

<u>Linda J. Wise</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Respondent issued petitioner a Notice of
Determination Concerning Collection Action(s) Under Section 6320
and/or 6330 (notice of determination).  In response to the notice
of determination, petitioner timely filed a petition pursuant to

section 6330(d).[1]  The issues to be decided are:  (1) Whether

petitioner is precluded from contesting her underlying tax

liabilities for 1996 and 1997; (2) and, if petitioner is not

precluded from contesting the underlying liabilities for 1996 and

1997, whether she is entitled to dependency exemption deductions

for two children for taxable years 1996 and 1997, whether

petitioner qualifies for head of household filing status for 1996

and 1997, and whether petitioner is entitled to earned income tax

credits for 1996 and 1997; and (3) whether respondent may proceed

with collection for the 1996 and 1997 taxable years.

## Background

Some of the facts and certain exhibits have been stipulated.

The parties' stipulations of fact are incorporated in this

opinion by reference and are found as facts in the instant case.

At the time of filing the petition petitioner resided in

Mississippi.

Petitioner filed Forms 1040, U.S. Individual Income Tax

Return, for 1996 and 1997.  Petitioner timely filed a return for

1998.  A different address is listed on each of the 1996, 1997,

and 1998 returns.

---

[1]Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code, as amended.

On her 1996 return, petitioner claimed head of household filing status, dependency exemption deductions for two children, and an earned income tax credit.

On her 1997 return, petitioner claimed head of household filing status, dependency exemption deductions for two children, and an earned income tax credit.

On July 23, 1998, respondent mailed petitioner a letter dated July 22, 1998, proposing adjustments to her 1996 and 1997 returns. The letter, which was sent to the address listed on her 1997 return, was returned to respondent as "Attempted-Not Known."

Respondent mailed a letter, dated August 7, 1998, to the address listed on petitioner's 1997 return informing petitioner that no response was received regarding the July 22, 1998, letter. This letter was also returned to respondent as "Attempted-Not Known."

On August 17, 1998, respondent mailed a copy of the July 22 letter to petitioner at the address listed on her 1996 return. This letter was also returned to respondent as "Undeliverable as Addressed-No Forwarding Order on File."

On September 1, 1998, respondent mailed to the address listed on petitioner's 1996 return a letter indicating that respondent did not receive a response to the communications he sent petitioner regarding the proposed adjustments made to petitioner's 1996 and 1997 tax years. Respondent submitted to

the Postmaster in Jackson, Mississippi, a Form 4759, Address Information Request, to trace petitioner from her last known address, the address listed on her 1997 return. In response, the form was returned to respondent stating that petitioner had "Moved, Left No Forwarding Address."

On January 8, 1999, respondent sent by certified mail, to the address listed on petitioner's 1997 return, a notice of deficiency for the 1996 and 1997 tax years. This was returned to respondent unclaimed.

Included in the administrative file created by respondent's Appeals Office regarding petitioner's request for a section 6330 hearing (hearing) is an IMFOLT transcript that shows a history of petitioner's address changes. The IMFOLT transcript shows that petitioner's address was changed during February 1999 to the address listed on petitioner's 1998 return. The IMFOLT transcript shows that petitioner's address was changed during the week of December 19, 1999 to an address based on correspondence with petitioner.

On May 19, 1999, respondent mailed petitioner a notice of deficiency for the 1996 and 1997 tax years. The notice, which was sent to the address listed on petitioner's 1998 return, was returned to respondent by the post office on June 4, 1999. The post office indicated on the envelope that it attempted delivery on May 24 and May 28, 1999.

The timeframe during which petitioner resided at the address listed on her 1998 return is unclear. Nevertheless, even after she moved from the address listed on her 1998 return, petitioner's mail continued to be delivered to that address, and petitioner's brother continued to tend to the house and collect petitioner's mail.

On March 22, 2003, respondent issued to petitioner Letter 1058, Final Notice-Notice of Intent to Levy and Your Notice of a Right to a Hearing, for petitioner's unpaid tax liabilities for 1996 and 1997.

On April 18, 2003, petitioner mailed to respondent a Form 12153, Request for a Collection Due Process Hearing. On April 20, 2003, respondent received this form. On Form 12153, petitioner indicated that she is unmarried, she is the sole provider for her four children, and that she does not feel that she owes tax liabilities since she claims not to have received anything to sign for the 1996 and 1997 audit.

The hearing was assigned to Settlement Officer Suzanne Magee (Settlement Officer Magee). Settlement Officer Magee, by letter dated August 19, 2003, advised petitioner to provide certain information prior to the scheduled hearing time and advised petitioner of the date and time of the scheduled hearing. On September 2, 2003, petitioner telephoned Settlement Officer Magee

and informed her that she first learned of the hearing on August 29, 2003, when she checked her post office box. Petitioner agreed to mail information to Settlement Officer Magee and also indicated that she wanted to discuss the case by telephone. The telephone conference was rescheduled for September 9, 2003.

On September 9, 2003, petitioner faxed information to Settlement Officer Magee. On September 10, 2003, Settlement Officer Magee sent a letter to petitioner informing her that petitioner did not call as arranged and that the faxed information had been received. In addition, Settlement Officer Magee advised petitioner that if she did not hear from petitioner within 10 days she would assume that petitioner did not want a hearing. The letter also stated that the information petitioner provided Settlement Officer Magee so far was insufficient to constitute a reasonable alternative to the proposed levy.

On October 30, 2003, respondent sent petitioner a notice of determination. On December 1, 2003, petitioner timely petitioned this Court.

## Discussion

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the validity of the underlying tax is not properly in issue, however, the

Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-182.

A taxpayer may challenge the existence or amount of the underlying tax liability if they did not receive a notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs. Under section 6330(c)(2)(B), the receipt of a notice of deficiency is a relevant event.

If the taxpayer denies receipt of the notice of deficiency, for purposes of section 6330(c)(2)(B), the Commissioner must offer evidence of its actual mailing in order for the presumption of delivery to arise. Sapp v. Commissioner, T.C. Memo. 2006-104. Petitioner asserts that she did not timely petition this Court pursuant to the notice of deficiency for 1996 and 1997 because she did not receive that notice until 2003. Respondent introduced evidence of multiple attempts to send the notice of deficiency for 1996 and 1997 to the addresses listed on petitioner's most recent tax returns. Additionally, the record shows that petitioner failed to notify respondent or the U.S. Postal Service of her changes in address.

Nonetheless, we find credible petitioner's testimony at trial that she did not actually receive the notice of deficiency.

See <u>Tatum v. Commissioner</u>, T.C. Memo. 2003-115.  Petitioner testified that she moved frequently during the time the notice was sent.  Although petitioner was unable to testify about the exact dates of residence at individual addresses, it seems likely that neither letter was sent to an address at which she was then residing.

Furthermore, we conclude that petitioner's nonreceipt of the notice of deficiency is not due to petitioner's deliberate refusal of delivery or similar misconduct.  Cf. <u>Sego v. Commissioner</u>, 114 T.C. 604 (2000) (taxpayers refused delivery of the notice of deficiency); <u>Lehmann v. Commissioner</u>, T.C. Memo. 2005-90 (taxpayer intentionally provided an incorrect address to respondent's examining agent).  Accordingly, we hold that petitioner may raise the underlying liabilities.

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

To be entitled to head of household filing status, a taxpayer must be unmarried and not a surviving spouse at the close of the tax year and must maintain as their home a household which constitutes for more than one-half of the year the principal place of abode, as a member of their household, of a person for whom the taxpayer is entitled to a deduction for a

dependency exemption pursuant to section 151. Sec. 2(b)(1)(A)(ii). A taxpayer is considered as maintaining a household only if more than half of the cost of maintaining the household during the taxable year is furnished by the taxpayer. Sec. 2(b)(1); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971).

As to dependency exemptions, section 151(c)(1) provides that an exemption is allowed for each person who is a dependent of a taxpayer if the following requirements are met: (a) The individual for whom an exemption is claimed is a U.S. citizen or resident who is a dependent (as defined in section 152), which includes a son, daughter, stepson, stepdaughter, sibling, parent or other ancestor, stepparent, niece, nephew, aunt, uncle, certain relatives-in-law, or an individual other than the taxpayer's spouse, who, for the taxable year of the taxpayer, has as their principal place of abode the home of the taxpayer and is a member of the taxpayer's household; (b) over one-half of the individual's support for the taxable year is received from the taxpayer; and (c) the individual's gross income is less than the exemption amount or the individual is the taxpayer's child who is younger than age 19 or is a student younger than age 24. Secs. 151(c), 152(a) and (b).

Section 152(a)(9) requires that, to be entitled to a dependency exemption deduction for a person not related to the

taxpayer, the taxpayer must show that the individual for whom the dependency exemption deduction is sought has as their principal place of abode the home of the taxpayer and is a member of the taxpayer's household.

For purposes of qualifying for the earned income credit, section 32(c)(1)(A) provides in part that an "eligible individual" is an individual who has a qualifying child for the taxable year. A "qualifying child" is defined as an individual's child, stepchild, sibling, step-sibling, a descendant of any of these, or an eligible foster child (placed with the individual by an authorized agency) whom the individual cares for as the individual's own child; who is under the age of 19; and who has the same principal place of abode as the individual for more than one-half of the taxable year. Sec. 32(c)(3).

Petitioner offered some documents to Settlement Officer Magee, but failed to participate in the telephone hearing. Those documents are part of the record; however, the documents do not establish petitioner's entitlement to head of household status, or the dependency exemption deductions and earned income tax credits she claimed on her returns for 1996 and 1997. Petitioner also testified at trial. However, her unsubstantiated and self-serving testimony lacked sufficient specificity to carry her burden of proof that she is entitled to head of household status or the dependency exemption deductions or earned income tax

credits she claimed on her returns for 1996 and 1997. Fleischer v. Commissioner, 403 F.2d 403, 406 (2d Cir. 1968), affg. T.C. Memo. 1967-85; see also Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Indeed, in her testimony at trial petitioner admitted that she received support from the father of the children she claimed on her returns whenever it was needed. Furthermore, petitioner failed to establish by the introduction of credible evidence that any of the children she claimed on her returns with respect to the dependency exemption deductions and earned income credits were her children and that the children she claimed resided with her during the years in issue. She failed to establish the amount of support she contributed for such children, the total costs of maintaining the household, and the part of such costs contributed by her for the years in issue.

Petitioner did not raise any issues relating to appropriate spousal defenses, challenges to the appropriateness of collection actions, or collection alternatives. Accordingly, we do not address those issues. On the basis of the record before us in the instant case, we hold that respondent's determination set forth in the notice of deficiency is correct and respondent may proceed with collection of the underlying tax.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, or moot.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.