T.C. Summary Opinion 2009-2


UNITED STATES TAX COURT



REGINA LYNN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 503-07S.            Filed January 6, 2009.



Regina Lynn, pro se.

<u>Charles J. Graves</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2005, the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $5,261 in petitioner's Federal income tax for 2005.

The issues for decision are as follows:

(1) Whether petitioner is entitled to dependency exemption deductions for her adult friend and her adult friend's grandchild. We hold that she is not.

(2) Whether petitioner is entitled to an earned income credit. We hold that she is not.

(3) Whether petitioner is entitled to the additional child tax credit. We hold that she is not.

(4) Whether petitioner's filing status is head of household (as claimed on the return) or single (as determined in the notice of deficiency). We hold that petitioner's filing status is single.

The adjustment made by respondent to the amount of the standard deduction is a purely mechanical matter that is solely dependent on petitioner's proper filing status.

## Background

All of the facts have been stipulated, and they are so found.[2]  We incorporate by reference the parties' stipulation of facts and attached exhibits.

At the time the petition was filed, petitioner resided in the State of Kansas.

Petitioner timely filed a Form 1040A, U.S. Individual Income Tax Return, for 2005.  On her return, petitioner listed her occupation as "custodian" and reported total income (also, adjusted gross income) of $13,323, all of which was attributable to wages received from Temporary Employment Corp. of Topeka, Kansas.

On her return, petitioner claimed dependency exemption deductions for two individuals, Kim Holter (Ms. Holter), who petitioner described as her "fosterchild", and Z.S., who petitioner also described as her "fosterchild".[3]  In actuality, Ms. Holter is an unrelated friend of petitioner; Ms. Holter, who was born in 1955, was not determined to be disabled in 2005 by

---

[2]  When this case was called from the calendar for trial, petitioner did not appear, nor was her absence excused.  Counsel for respondent sought to move to dismiss for lack of prosecution.  The Court, however, declined to entertain such a motion because the parties had previously executed a stipulation of facts.  Essentially, the Court regards this case as one submitted without trial pursuant to Rule 122(a).

[3]  The Court identifies minors only by their initials.  Rule 27(a)(3).  On her return, petitioner identified Z.S. by the child's complete name.

Kansas Social & Rehabilitation Services.  Z.S., who was born in 1997, is Ms. Holter's grandchild; Z.S. is unrelated to petitioner and has not been legally adopted by her.

Also on her return, petitioner claimed an earned income credit of $4,400 and an additional child tax credit of $348.  In support of the earned income credit, petitioner attached Schedule EIC, Earned Income Credit, on which she identified Ms. Holter and Z.S. as her qualifying children; petitioner also checked the box indicating that Ms. Holter was "permanently and totally disabled" during some part of 2005.  In support of the additional child tax credit, petitioner attached Form 8812, Additional Child Tax Credit; only Z.S. was identified as a qualifying child.

Finally, petitioner filed her return as a head of household and claimed the standard deduction in the amount consistent with that filing status.

During 2005, Ms. Holter received $3,222 in food stamps and $3,156 in cash benefits from the State of Kansas for herself and Z.S.

During 2005, petitioner paid cash rent of $163 per month. The balance of her rent, $200 per month, was satisfied by work performed at the apartment complex.

In the notice of deficiency, respondent disallowed petitioner's two dependency exemption deductions, the earned income credit, and the additional child tax credit; respondent

also changed petitioner's filing status to single and adjusted the amount of the standard deduction accordingly.

Discussion

## I.  Burden of Proof

We begin by noting that the submission of a case fully stipulated does not alter the burden of proof, the requirements otherwise applicable with respect to adducing proof, or the effect of failure of proof.  Rule 122(b).

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a).  This principle was firmly established by the United States Supreme Court as early as 1933 and has been reaffirmed by the Supreme Court as recently as 1992.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Although section 7491(a) may serve to shift the burden of proof to the Commissioner, that section has no application to the present case in view of the fact that:  (1) Petitioner has not asserted its applicability; (2) petitioner has failed to demonstrate that she maintained all requisite records and that she cooperated fully with reasonable requests by respondent, see sec. 7491(a)(2); and (3) petitioner failed to introduce credible evidence sufficient to establish a prima facie case, see sec. 7491(a)(1).

Further, deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Likewise, the taxpayer is obliged to demonstrate entitlement to an advantageous filing status, such as head of household. Smith v. Commissioner, T.C. Memo. 2008-229.

II.  Dependency Exemption Deductions

Section 151(c) authorizes an exemption for each individual who is a dependent of the taxpayer for the taxable year.

The term "dependent" is defined in section 152. Generally, the term means a "qualifying child" or a "qualifying relative". See sec. 152(a) and (b).

An individual is a qualifying child if a number of specific requirements are satisfied. See sec. 152(c). Among those requirements are the relationship requirement, sec. 152(c)(2), (f)(1), and the age requirement, sec. 152(c)(3).

The relationship requirement is satisfied if the individual is either a child of the taxpayer or a descendant of such a child, sec. 152(c)(2)(A), or a sibling or step-sibling of the taxpayer or a descendant of such a sibling or step-sibling, sec. 152(c)(2)(B).

The age requirement is satisfied if the individual has not attained the age of 19 or is a student who has not attained the age of 24. Sec. 152(c)(3)(A). The age requirement is deemed to be satisfied in the case of an individual who is permanently and totally disabled at any time during the taxable year. Sec. 152(c)(3)(B).[4]

An individual is a qualifying relative if a number of specific requirements are satisfied. As relevant herein, an individual is a qualifying relative if: (1) The individual, although unrelated by blood or marriage to the taxpayer, has the same principal place of abode as the taxpayer and is a member of the taxpayer's household for the entire taxable year; (2) the individual's gross income for the taxable year is less than the exemption amount ($3,200 for 2005); (3) the individual receives over half of his or her support from the taxpayer for the taxable

---

[4] Sec. 152(c)(3)(B) incorporates the definition of permanent and total disability as set forth in sec. 22(e)(3). The latter section defines that term as follows:

> An individual is permanently and totally disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to be permanently and totally disabled unless he furnishes proof of the existence thereof in such form and manner, and at such times, as the Secretary may require.

year; and (4) the individual is not a qualifying child of any other taxpayer.

Clearly, Ms. Holter was not a qualifying child of petitioner in 2005. As an unrelated individual born in 1955 who was not shown to be disabled, Ms. Holter did not satisfy either the relationship requirement or the age requirement of section 152(c). And neither was Z.S. a qualifying child of petitioner in 2005. As an unrelated individual not legally adopted by petitioner, Z.S. did not satisfy the relationship requirement of section 152(c).[5]

On the basis of the limited record before us, it appears that Z.S. may have been a qualifying child of Ms. Holter in 2005. If so, then Z.S. could not be a qualifying relative of petitioner for that year. See sec. 152(d)(1)(D).

We consider next whether Ms. Holter was a qualifying relative of petitioner in 2005.

The record demonstrates that Ms. Holter received welfare benefits for herself and Z.S. in 2005. This does not prove, however, that Ms. Holter had no gross income or had gross income in an amount less than $3,200 for that year. See sec. 152(d)(1)(B). Similarly, petitioner did not prove that she

---

[5] There is nothing in the record to suggest that Z.S. was petitioner's foster child; i.e., that Z.S. had been placed with petitioner by an authorized placement agency or by judgment, decree, or other order of any court of competent jurisdiction. See sec. 152(f)(1)(A)(ii), (C).

provided more than half of Ms. Holter's support in 2005.  See sec. 152(d)(1)(C).  Thus, Ms. Holter was not a qualifying relative of petitioner in 2005.

In conclusion, we hold that petitioner is not entitled to a dependency exemption deduction for either Ms. Holter or Z.S. for 2005.  Respondent's determination is therefore sustained.

III.  Earned Income Credit

In the case of an eligible individual, section 32(a)(1) allows an earned income credit.  An "eligible individual" includes an individual who has a qualifying child for the taxable year.  See sec. 32(c)(1)(A)(i).[6]  As relevant herein, a "qualifying child" means a qualifying child as defined in section 152(c).  Sec. 32(c)(3).  However, as we have just concluded, petitioner did not have a qualifying child as defined in section 152(c) in 2005.  Accordingly, we hold that petitioner is not entitled to an earned income credit for 2005.  Respondent's determination is therefore sustained.

---

[6]  An eligible individual also includes an individual who does not have a qualifying child.  See sec. 32(c)(1)(A)(ii). However, an earned income credit is available to such an individual only if his or her adjusted gross income is less than $11,750.  See Rev. Proc. 2004-71, sec. 3.06, 2004-2 C.B. 970, 973.  Because petitioner's adjusted gross income exceeded that amount in 2005, petitioner is not entitled to an earned income credit for that year without a qualifying child.

IV.  Additional Child Tax Credit

Section 24(a) allows a child tax credit with respect to each qualifying child of the taxpayer.  Section 24(d) provides that a portion of the credit may be refundable, which portion is commonly referred to as the additional child tax credit.

As just stated, the child tax credit under section 24 is allowed with respect to each qualifying child.  As relevant herein, the term "qualifying child" is defined by section 24(c)(1) to mean a qualifying child of the taxpayer as defined in section 152(c) who has not attained age 17.  However, as we have previously concluded, petitioner did not have a qualifying child as defined in section 152(c) in 2005.  Accordingly, we hold that petitioner is not entitled to an additional child tax credit for 2005.  Respondent's determination is therefore sustained.

V.  Filing Status

Section 2(b) defines "head of household" for filing status purposes.  As relevant herein, an individual is considered a head of a household if the individual maintains as his or her home a household that constitutes for more than half of the taxable year the principal place of abode, as a member of such household, of either (1) a qualifying child of the individual, as defined in section 152(c), or (2) any other person who is a dependent of the taxpayer, but only if the taxpayer is entitled to a dependency exemption deduction for such person.

As previously discussed, neither Ms. Holter nor Z.S. was either a qualifying child or a qualifying relative of petitioner in 2005.  In short, petitioner lacks a qualifying child, and she has not shown that there is any other person who is her dependent such that she would be entitled to a deduction for such person under section 151.  Accordingly, we hold that petitioner is not entitled to head of household filing status for 2005. Respondent's determination of single filing status is therefore sustained.

VI.  <u>Conclusion</u>

To reflect our disposition of the disputed issues,

<u>Decision will be entered</u>

<u>for respondent</u>.