T.C. Summary Opinion 2009-83



UNITED STATES TAX COURT



MATTHEW RICE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 26356-07S.                  Filed May 28, 2009.



Matthew Rice, pro se.

<u>Michael T. Sargent</u>, for respondent.



    GUSTAFSON, <u>Judge</u>:  This case was heard pursuant to the

provisions of section 7463[1] in effect when the petition was

filed.  Pursuant to section 7463(b), the decision to be entered

_____

    [1]Unless otherwise indicated, all citations of sections refer
to the Internal Revenue Code of 1986 (26 U.S.C.) in effect for
the tax year at issue, and all citations of Rules refer to the
Tax Court Rules of Practice and Procedure.

is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The Internal Revenue Service (IRS) determined a $5,704 deficiency in petitioner Matthew Rice's 2006 Federal income tax. After respondent conceded several issues, he recomputed the deficiency in Mr. Rice's 2006 Federal income tax to be $2,260. The issues remaining for decision are:  (i) Whether Mr. Rice is entitled to claim his girlfriend's son as a qualifying child for purposes of the child tax credit under section 24(a) and the so-called additional child tax credit under section 24(d); and (ii) whether Mr. Rice is entitled to claim his girlfriend's son as a qualifying child for purposes of the earned income tax credit under section 32(a)(1).  Although we assume that, as Mr. Rice testified, he did indeed care for his girlfriend's son during 2006 as if he were Mr. Rice's "stepson", Mr. Rice is nonetheless not entitled to these tax benefits because of the facts proved at trial.

<u>Background</u>

Some of the facts have been stipulated and are so found. The stipulation of facts filed December 9, 2008, and the attached exhibits are incorporated herein by this reference.  At the time that he filed his petition, Mr. Rice resided in South Carolina.

<u>Mr. Rice's Relationship and Living Arrangements With His Girlfriend's Son</u>

During 2006 Mr. Rice lived in South Carolina at the same address with his mother; his girlfriend, Linee Shawn Douglas; his 2-year-old daughter, A R-R,[2] who is also the daughter of Ms. Douglas; and Ms. Douglas's 12-year-old son, A G-R. Mr. Rice is the biological father of A R-R, but he is not the biological father of A G-R. Mr. Rice has not alleged, nor does the record show, that he adopted A G-R or was otherwise related to him. Mr. Rice has not alleged, nor does the record show, that he was married to Ms. Douglas in 2006.

<u>Mr. Rice's 2006 Form 1040</u>

Mr. Rice timely filed his 2006 Form 1040, U.S. Individual Income Tax Return. On that Form 1040 Mr. Rice claimed A R-R and A G-R as qualifying children for purposes of (i) head of household filing status under section 2(b); (ii) the dependency exemption deduction under section 151(c); (iii) the child tax credit under section 24(a) and the additional child tax credit under section 24(d); and (iv) the earned income tax credit under section 32(a)(1).

---

[2]It is the policy of this Court not to identify minors. We refer to Mr. Rice's daughter and his girlfriend's son by using their initials. See Rule 27(a)(3).

Notice of Deficiency

On August 17, 2007, the IRS mailed Mr. Rice a statutory notice of deficiency for tax year 2006 that determined his proper filing status to be single and disallowed the dependency exemption deductions for A R-R and A G-R, the child tax credit and the additional child tax credit for A R-R and A G-R, and the earned income tax credit. In response to the notice of deficiency, Mr. Rice timely filed a petition.

A R-R's Birth Certificate

This case proceeded to trial on December 9, 2008, during which respondent did not concede Mr. Rice's paternity of A R-R. At the conclusion of the trial, we left the record open to allow Mr. Rice a period of 60 days to further substantiate his paternity of A R-R with a copy of A R-R's birth certificate issued by the State of South Carolina. On December 15, 2008, Mr. Rice provided respondent with a copy of A R-R's birth certificate, which clearly indicates that Mr. Rice is the biological father of A R-R.

Respondent's Concessions

After trial and the receipt of a copy of A R-R's birth certificate, respondent conceded most of both the determined deficiency and the issues in this case. Respondent has conceded that for tax year 2006 Mr. Rice is entitled to (i) file as head of household under section 2(b), (ii) claim A R-R as a qualifying

child under section 152(c) and A G-R as a qualifying relative under section 152(d) for purposes of the dependency exemption deduction under section 151(c), (iii) claim A R-R as a qualifying child for purposes of the child tax credit under section 24(a) and the additional child tax credit under section 24(d), and (iv) claim A R-R as a qualifying child for purposes of the earned income tax credit under section 32(a)(1).

To reflect those concessions, respondent recomputed Mr. Rice's deficiency on Form 4549, Income Tax Examination Changes, to be $2,260, rather than the $5,704 originally determined. Respondent notified Mr. Rice of the recomputation of the deficiency by a letter dated January 15, 2009, and a copy of the Form 4549. Respondent reports that Mr. Rice has indicated that he disagrees with respondent's recomputation of the deficiency, but Mr. Rice has made no objection to the Court. He did not file a posttrial brief, as the Court invited him (but did not require him) to do. We have reviewed respondent's recomputation on Form 4549 and found that it correctly determines the deficiency if, as respondent maintains, Mr. Rice is not entitled to claim his girlfriend's son A G-R as a qualifying child for purposes of (i) the child tax credit and the additional child tax credit of section 24, and (ii) the earned income tax credit of section 32.

## Discussion

I.   Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a); see also INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction or credit claimed.[3]  Rule 142(a); see also Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Likewise, the taxpayer is obliged to demonstrate entitlement to an advantageous filing status, such as head of household.  See Smith v. Commissioner, T.C. Memo. 2008-229.

II.  Qualifying Child Under Section 152(c)

Mr. Rice's entitlement to claim A G-R as a "qualifying child" for purposes of the section 24 child tax credit (and the additional child tax credit) and the section 32 earned income tax

---

[3]Under section 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's tax liability.  Mr. Rice has neither claimed nor shown that he satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with respect to any factual issue.  Mr. Rice therefore bears the burden of proof.  See Rule 142(a)(1).

credit depends on whether A G-R is a "qualifying child" for purposes of section 152 (which relates to the dependency exemption deduction), because both credits define the term "qualifying child" with reference to the definition of the same term as it appears in section 152(c). We therefore examine the status of A G-R as a "qualifying child" under section 152(c), to determine Mr. Rice's entitlement to the credits at issue.

Under section 152(c), a qualifying child is an individual who meets the following four tests:

- Relationship test: The individual must be a child, step-child, or adopted child of the taxpayer, descendant of a child of the taxpayer, a brother, sister, stepbrother, or stepsister of the taxpayer, or a descendant of any such relative. Sec. 152(c)(1)(A), (2), (f)(1).

- Residence test: The individual must have the same principal place of abode as the taxpayer for more than one-half of the tax year. Sec. 152(c)(1)(B).

- Age test: The individual must be under the age of 19 or a student under the age of 24. Sec. 152(c)(1)(C), (3).

- Support test: The individual must not provide over one-half of his or her own support. Sec. 152(c)(1)(D).

Respondent concedes both the residence[4] and support[5] tests for a qualifying child under section 152(c) are met. Furthermore, the age test is met because A G-R was 12 years old in 2006.  However, the first of these four tests--the relationship test--is <u>not</u> met, because A G-R is not Mr. Rice's child within the meaning of section 152(c)(2)(A).  Mr. Rice is not the biological father of A G-R.  Mr. Rice has not alleged, nor does the record show, that he adopted A G-R or was otherwise

---

[4]In his posttrial brief, respondent concedes that A G-R is a "qualifying <u>relative</u>" (emphasis added) of Mr. Rice under section 152(<u>d</u>).  Section 152(d)(2)(A)-(H) lists eight types of qualifying relationships to meet the relationship test for a qualifying relative, seven of which involve various familial relationships that do not cover A G-R, who was not shown to be Mr. Rice's child or otherwise related to him.  The eighth type of qualifying relationship applies to an individual, other than the taxpayer's spouse, who has the same principal place of abode as the taxpayer and is a member of the taxpayer's household for the taxable year. Sec. 152(d)(2)(H).  In order for an individual to be considered a member of a taxpayer's household, the taxpayer must maintain the household, and <u>both the taxpayer and the individual must occupy the household for the "entire taxable year"</u>.  Sec. 1.152-1(b), Income Tax Regs.  (Emphasis added.)  Since respondent concedes that A G-R is a qualifying relative under section 152(d) and meets the relationship test thereunder, it necessarily follows that he concedes that A G-R had the same principal place of abode as Mr. Rice for all of 2006, which exceeds the half-year requirement of the residence test for a "qualifying child" under section 152(c)(1)(B).

[5]The support test for a qualifying relative under section 152(d)(1)(C) is more stringent than the support test for a qualifying child under section 152(c)(1)(D), and any individual who passes the former test also passes the latter.  Therefore, since respondent concedes that A G-R is a qualifying relative under section 152(d) and meets the support test thereunder, it necessarily follows that he concedes that A G-R meets the less stringent support test for a qualifying child.

related to him.  Lastly, Mr. Rice has not alleged, nor does the record show, that he was married in 2006 to the child's mother, Ms. Douglas, and thus A G-R was not his stepchild.  Therefore, A G-R is not a qualifying child of Mr. Rice under section 152(c) for 2006.

III. Child Tax Credit and Additional Child Tax Credit

Section 24(a) allows a child tax credit with respect to each "qualifying child" of the taxpayer.  Section 24(d) provides that a portion of the credit may be refundable.  That portion is commonly referred to as the additional child tax credit.  A qualifying child for purposes of section 24 is "a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."  Sec. 24(c)(1).  However, as we have previously concluded, A G-R is not a qualifying child of Mr. Rice under section 152(c).  Therefore, we hold that Mr. Rice is not entitled to claim A G-R as a qualifying child for purposes of the child tax credit under section 24(a) and the additional child tax credit under section 24(d) for 2006.  Respondent's determination, as modified by his recomputation on Form 4549, is sustained.

IV. Earned Income Tax Credit

Section 32(a)(1) allows an eligible individual, like Mr. Rice,[6] an earned income tax credit against that individual's

---

[6]Since respondent concedes that Mr. Rice's daughter A R-R is a qualifying child of Mr. Rice for purposes of the earned income
(continued...)

income tax liability.  The amount of the credit is determined according to percentages that vary depending on whether the taxpayer has one qualifying child, two or more qualifying children, or no qualifying children.  Sec. 32(b).  Those percentages increase if a taxpayer has two qualifying children, as opposed to one or none.  Id.  Respondent has conceded that Mr. Rice has one qualifying child, A R-R, and Mr. Rice would be entitled to a larger earned income tax credit if A G-R was a qualifying child.

Under section 32(c)(3)(A), a qualifying child is defined the same as "a qualifying child of the taxpayer (as defined in section 152(c)".[7]  However, as we have previously concluded, A G-R is not a qualifying child of Mr. Rice under section 152(c), because he failed the relationship test thereunder.  Therefore, Mr. Rice is not entitled to claim A G-R as a qualifying child for purposes of the earned income tax credit under section 32(a)(1)

---

[6](...continued)
tax credit, it necessarily follows that Mr. Rice is an eligible individual under section 32(c)(1)(A)(i).

[7]The definition in section 32(c)(3)(A) includes qualifications not important here.  It defines a qualifying child as "a qualifying child of the taxpayer (as defined in section 152(c), determined without regard to paragraph (1)(D) thereof [the support test] and section 152(e) ["Special Rule for Divorced Parents, Etc."])."  As we explain in text, A G-R is disqualified by the relationship test, to which these qualifications do not pertain.

for 2006.  Respondent's determination, as modified by his recomputation on Form 4549, is sustained.

To reflect the foregoing,

<u>An appropriate decision will be entered for respondent</u>.