T.C. Summary Opinion 2010-25

UNITED STATES TAX COURT

MAURICE BYLES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19726-08S.            Filed March 2, 2010.

Maurice Byles, pro se.

<u>Michael T. Shelton</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

For 2006 respondent determined a deficiency of $3,777 in petitioner's Federal income tax. The issues for decision are whether: (1) Petitioner is entitled to dependency exemption deductions for his sister and his two nephews; (2) petitioner is entitled to head of household filing status; and (3) petitioner is entitled to an earned income credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. When petitioner filed his petition, he resided in Illinois.

For 2006 petitioner reported income of $48,511 on Form 1040, U.S. Individual Income Tax Return, and claimed: (1) Dependency exemption deductions for his sister and his two nephews; (2) head of household filing status; and (3) the earned income credit.

From January through August 2006 petitioner's sister and her two children, petitioner's nephews, lived with him. For 2006 petitioner's sister also claimed dependency exemption deductions for her two children on her Federal income tax return.

Respondent issued to petitioner a notice of deficiency: (1) Disallowing petitioner's claimed dependency exemption deductions for his sister and his two nephews and the earned

- 3 -

income credit; and (2) changing petitioner's filing status from head of household to single.

## Discussion

### I.  Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[1]  Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed.  Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Likewise, the taxpayer is obliged to demonstrate entitlement to an advantageous filing status, such as head of household.  Smith v. Commissioner, T.C. Memo. 2008-229.

### II.  Dependency Exemption Deduction

#### A.  Petitioner's Nephews

Petitioner contends that he is entitled to claim two

---

[1]Petitioner has not claimed or shown that he meets the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to his liability for tax.

dependency exemption deductions for his nephews in 2006 because they were his qualifying children.

A taxpayer is entitled to claim a dependency exemption deduction only if the claimed dependent is a "qualifying child" or a "qualifying relative" as defined under section 152(c) and (d). Secs. 151(c), 152(a). A qualifying child is defined as the taxpayer's child, brother, sister, stepbrother, or stepsister, or a descendant of any of them. Sec. 152(c)(1) and (2).

In addition, section 152(c) provides that an individual is a qualifying child of the taxpayer only if: (1) The individual had the same principal place of abode as the taxpayer for more than one-half of the taxable year; (2) the individual meets specified age requirements; and (3) the individual did not provide over one-half of his or her own support for the taxable year.

The parties stipulate that the children are petitioner's nephews, and petitioner testified that the children lived with him for 8 months in 2006. But even if the Court accepted petitioner's testimony and found that his nephews were his qualifying children for 2006, he nonetheless would not be entitled to claim dependency exemption deductions for these children. Where two or more persons can and do claim the same individual as a qualifying child, the individual shall be treated as the qualifying child of the parent. Sec. 152(c)(4)(A)(i). These children are the qualifying children of their parent,

petitioner's sister, who claimed dependency exemption deductions for them for 2006. Accordingly, petitioner is not entitled to claim the children as his qualifying children for 2006. Respondent's determination is sustained.

B. Petitioner's Sister

Petitioner contends that he was entitled to claim a dependency exemption deduction for his sister as a qualifying relative on his 2006 Federal income tax return.

A qualifying relative is defined as an individual: (1) Who bears a certain relationship to the taxpayer, such as the taxpayer's brother or sister; (2) whose gross income for the taxable year is less than the exemption amount ($3,300 for 2006); (3) with respect to whom the taxpayer provides over one-half of the individual's support for the taxable year; (4) and who is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year. Sec. 152(d)(1) and (2).

For 2006 petitioner's sister filed a Federal income tax return and reported $8,138 in income. His sister's income exceeded the exemption amount of $3,300 in 2006; therefore, petitioner is not entitled to claim his sister as a dependent on his 2006 Federal income tax return.

III. Head of Household Filing Status

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household. As relevant herein,

section 2(b)(1) provides that an unmarried individual "shall be considered a head of a household if, and only if" that individual "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of "a qualifying child of the individual (as defined in section 152(c) * * *)", sec. 2(b)(1)(A)(i), or "any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151", sec. 2(b)(1)(A)(ii).

Petitioner does not satisfy the requirements of section 2(b) because his nephews are not treated as his qualifying children pursuant to section 152(c)(4)(A)(i), and it has not been shown that he is entitled to a dependency exemption deduction for his sister. See sec. 152(c) and (d). Accordingly, petitioner is not entitled to head of household filing status for 2006. Respondent's determination is sustained.

## IV. Earned Income Credit

Section 32(a)(1) allows an eligible individual an earned income credit against that individual's income tax liability. The amount of the credit for a taxpayer with qualifying children is determined according to the number of the taxpayer's qualifying children. Sec. 32(b). Under section 32(c)(3)(A), a qualifying child is defined as "a qualifying child of the taxpayer (as defined in section 152(c) * * * )." It has not been

shown that his sister's children are petitioner's qualifying children for 2006. Therefore, petitioner is not entitled to claim these children as qualifying children for purposes of the earned income credit under section 32(a)(1).[2]

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[2]Petitioner's earned income exceeded $12,120; accordingly, he is also ineligible to claim an earned income credit under sec. 32(c)(1)(A)(ii) as an individual without a qualifying child. See Rev. Proc. 2005-70, sec. 3.06(1), 2005-2 C.B. 979, 982 (announcing the specific amount for 2006).