T.C. Memo. 2015-93

UNITED STATES TAX COURT

RONALD LORENZO ROLLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16765-13.                        Filed May 13, 2015.

Ronald Lorenzo Rolle, pro se.

<u>Jeremy D. Cameron</u> and <u>A. Gary Begun</u>, for respondent.

MEMORANDUM OPINION

NEGA, <u>Judge</u>: Respondent determined a deficiency of $4,803 in petitioner's Federal income tax for 2011. The issues for decision are whether petitioner is entitled to two dependency exemption deductions, an earned income credit, a child tax credit, a child care credit, and head of household filing status for tax year 2011.

**[*2]**                                    Background

The facts have been deemed established for purposes of this case under Rule 91(f).[1]  Petitioner resided in Ocala, Florida, at the time he filed his petition.

Petitioner and Raina Rolle (now Raina Harris) (Ms. Harris) were married September 30, 2006.  Petitioner filed a Federal income tax return for tax year 2011 claiming head of household filing status.  Petitioner claimed RR-son and RR-daughter as his dependents for tax year 2011.[2]  However, Ms. Harris filed a separate tax return for tax year 2011 also claiming RR-son and RR-daughter as her dependents for tax year 2011.

Petitioner, Ms. Harris, RR-son, and RR-daughter resided together at 9 Smith Trail, Palm Coast, Florida (Smith Trail residence) from approximately December 2010 through July 31, 2011.  Petitioner and Ms. Harris separated on or around July 31, 2011.  RR-son and RR-daughter were in the sole custody of Ms. Harris from August 19 through December 31, 2011.

Ms. Harris filed a petition for dissolution of marriage in the Circuit Court of Marion County, Florida, on January 9, 2012.  On March 16, 2012, petitioner's

---

[1]All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]The Court refers to minor children by their initials.  See Rule 27(a)(3).

**[*3]** divorce and custody proceedings were transferred from the Circuit Court of Marion County, Florida, to the Circuit Court of Volusia County, Florida.  On June 11, 2012, petitioner filed a Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) affidavit in the Circuit Court of Volusia County.  However, petitioner listed the wrong year on the UCCJEA affidavit for the period that he, Ms. Harris, RR-son, and RR-daughter resided together at the Smith Trail residence.  The Circuit Court of Volusia County issued a divorce decree for petitioner and Ms. Harris on December 10, 2012.  The Circuit Court of Volusia County ordered petitioner and Ms. Harris to each claim one child for Federal income tax purposes as of tax year 2013 but did not address the issue of tax year 2011.  Ms. Harris claimed dependency exemption deductions for RR-son and RR-daughter for 2011.

On May 28, 2013, the Internal Revenue Service mailed petitioner a notice of deficiency for tax year 2011 that changed petitioner's filing status from head of household to single, disallowed dependency exemption deductions for RR-son and RR-daughter, disallowed the child tax credit, disallowed the child care credit, disallowed the earned income credit, and determined a deficiency of $4,803.

**[*4]**                                   Discussion

## I.      Burden of Proof

In general, the Commissioner's determination as to a taxpayer's tax liability is presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction or credit claimed. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must comply with specific requirements for any deductions claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. at 440. Taxpayers must also maintain adequate records to substantiate the amounts of any credits and deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Likewise, the taxpayer is obliged to demonstrate entitlement to an advantageous filing status, such as head of household. See sec. 152(c)(3)(A); Smith v. Commissioner, T.C. Memo. 2008-229.

[*5] II.    Dependency Exemption Deductions

The Internal Revenue Code allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income.  See sec. 151(c).  An individual must be a "qualifying child" or a "qualifying relative" of the taxpayer to be a dependent.  Sec. 152(a).  To be a qualifying child of the taxpayer, an individual must be:  (A) a child of the taxpayer or a descendant of such a child; or (B) a brother, sister, stepbrother, or stepsister of the taxpayer, or a descendant of any such relative.  Sec. 152(c)(2).  Moreover, the individual must have had the same principal place of abode as the taxpayer for more than one-half of the taxable year, meet certain age requirements, must not have provided over one-half of his or her own support for the taxable year, and must not have filed a joint return with the individual's spouse under section 6013 for the taxable year beginning in the calendar year in which the taxable year of the taxpayer begins.  Sec. 152(c)(1).  An individual meets the age requirements under section 152(c)(1)(C) if the individual is younger than the taxpayer claiming the individual as a qualifying child and (i) has not attained the age of 19 as of the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student who has not attained the age of 24 as of the close of that calendar year.

**[*6]** If two or more individuals can claim the same qualifying child, section 152(c)(4) provides a tie-breaker rule. If the parents claiming any qualifying child do not file a joint tax return together, the child is treated as the qualifying child of (i) the parent with whom the child resided for the longer period of time during the taxable year, or (ii) if the child resides with both parents for the same amount of time during the taxable year, the parent with the highest adjusted gross income. Sec. 152(c)(4)(B).

In order for a taxpayer to claim a dependency exemption deduction for a qualifying relative, the claimed individual cannot be the qualifying child of the taxpayer or any other taxpayer for the taxable year. Sec. 152(d)(1)(D).

Each of the children meets the definition of a "qualifying child" for both petitioner and Ms. Harris, and so we must apply the tie-breaker rule of section 152(c)(4)(B). RR-son and RR-daughter resided with both petitioner and Ms. Harris from December 2010 until July 31, 2011, and then solely with Ms. Harris from August 19 through December 31, 2011. The children resided with Ms. Harris for the longer period of time during the 2011 tax year, so they are qualifying children of Ms. Harris. See sec. 152(c)(4)(B)(i). Therefore, RR-son and RR-daughter cannot be qualifying children or qualifying relatives of petitioner

[*7] for tax year 2011, and he is not entitled to dependency exemption deductions for RR-son and RR-daughter for tax year 2011.

III.    Earned Income Credit

Section 32(a)(1) provides an eligible individual with an earned income credit against the individual's income tax liability, subject to a phaseout in section 32(a)(2).  Section 32(b) prescribes different percentages and amounts used to calculate the credit.  The amount of the credit to which an eligible individual is entitled increases if the individual has a qualifying child (as defined by section 152(c) and determined without regard to certain sections not relevant here).  Sec. 32(b), (c)(3).  Because for the reasons stated above RR-son and RR-daughter are not qualifying children of petitioner for 2011, he is not entitled to the earned income credit with two qualifying children for 2011.

Although petitioner is not eligible for an earned income credit for one or more qualifying children, he may be an "eligible individual" under section 32(c)(1)(A)(ii).  Section 32(c)(1)(A)(ii) provides that an individual who does not have any qualifying children may be eligible for an earned income credit under section 32(a) if:  (1) the individual's principal place of abode is in the United States for more than one-half of the taxable year; (2) the individual, or, if married, his spouse, has attained the age of 25 but not the age of 65 at the close of the

[*8] taxable year; and (3) the individual is not a dependent for whom a deduction is allowed under section 151. Sec. 32(c)(1)(A). Further, section 32(d) requires that an individual who is married within the meaning of section 7703 is eligible for the earned income credit only if a joint return was filed under section 6013. Section 7703(a)(1) provides that the determination of whether an individual is married is made at the close of the taxable year. Section 7703(a)(2) provides that an individual legally separated from his spouse under a decree of divorce or separate maintenance is not considered to be married. Since petitioner and Ms. Harris were married and not legally separated under a decree of divorce or separate maintenance at the close of 2011, he is considered married under section 7703. Because petitioner and Ms. Harris did not file a joint return for 2011, he is not eligible for the earned income credit for an individual with no qualifying children for tax year 2011. See sec. 32(d).

IV.    Child Tax Credit

Subject to limitations, section 24(a) allows a child tax credit with respect to each qualifying child of the taxpayer as described in section 152(c) for which the taxpayer is allowed a deduction. RR-son and RR-daughter are not petitioner's qualifying children for tax year 2011. Therefore, petitioner is not entitled to the child tax credit for 2011.

**[*9]** V.     Child Care Credit

As pertinent to this case, section 21(a) allows a taxpayer a tax credit for certain employment-related expenses if the taxpayer maintains a household that includes a dependent of the taxpayer (as defined in section 152(a)(1)) who has not attained age 13.  Sec. 21(a)(1), (b)(1)(A).  Section 21(e)(2) provides that if "the taxpayer is married at the close of the taxable year, the credit is allowed under subsection (a) only if the taxpayer and his spouse file a joint return for the taxable year."  An individual legally separated from his spouse under a decree of divorce or of separate maintenance is not considered to be married.  Sec. 21(e)(3).

Because we have determined that petitioner had no qualifying children for tax year 2011, he is not entitled to the child care credit for 2011.  On the basis of this conclusion we need not determine whether petitioner was considered to be married for purposes of section 21(e).

VI.    Head of Household Filing Status

Respondent determined that petitioner's correct filing status for 2011 was single rather than head of household.[3]  Section 1(b) provides a special tax rate for

---

[3]For tax year 2011 the tax rates for single filers and those married filing separately are identical for petitioner's income level.  Therefore, the Court makes no determination as to whether petitioner's correct filing status is single or married filing separately.

**[*10]** an individual who qualifies as a head of household. As pertinent here, section 2(b) defines a head of household as an individual taxpayer who: (1) is not married at the close of the taxable year and is not a surviving spouse, and (2) maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode, as a member of such household, of (a) a qualifying child of the individual (as defined in section 152(c), determined without regard to section 152(e)), or (b) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151. See Rowe v. Commissioner, 128 T.C. 13, 16-17 (2007).

Since RR-son and RR-daughter are not petitioner's qualifying children for tax year 2011 (for purposes of sections 151 and 152), he is not entitled to head of household filing status for 2011.

## Conclusion

For the reasons discussed herein, petitioner is not entitled to the claimed dependency exemption deductions, earned income credit, child tax credit, child care credit, or head of household filing status. Respondent's determination is therefore sustained.

**[*11]** To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.