T.C. Memo. 2016-200

UNITED STATES TAX COURT

YOSEF A. TSEHAY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12761-15.                          Filed November 3, 2016.

Yosef A. Tsehay, pro se.

Dean H. Wakayama and Kristin H. Joe, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge: Respondent determined a deficiency of $9,814 and a

penalty of $1,963 under section 6662(a) with respect to petitioner's Federal

income tax for tax year 2013. Unless otherwise indicated, all section references

are to the Internal Revenue Code in effect for the year at issue, and all Rule

[*2] references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

The issues for consideration are whether for tax year 2013 petitioner is: (1) entitled to dependency exemption deductions, an earned income tax credit, child tax credits, and head of household filing status and (2) liable for a penalty under section 6662(a).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by this reference. Petitioner resided in Washington when he timely filed his petition.

English is not petitioner's first language, and during the tax year at issue he was employed as a custodian at a community college. Petitioner and his wife-- who is not a party to this proceeding--were married in 2001. Their relationship was "on-again, off-again". Petitioner credibly testified that during 2013 he and his wife were married and living together with their five children in a public housing apartment. At some point in 2014 petitioner and his wife were again separated, and at least at the time of trial they were undergoing divorce proceedings. The State of Washington's Office of Administrative Hearings, DSHS Division of Child Support (child support) granted petitioner's petition for a modification of prior

[*3] child support. The child support order was effective August 1, 2015. Although petitioner's wife was responsible for paying the rent on the public housing unit, petitioner paid for food and other expenses of his family during 2013.

Petitioner electronically filed a timely Form 1040A, U.S. Individual Income Tax Return, for tax year 2013. It is unclear from the record why petitioner's paid return preparer listed differing numbers of children for the various claimed credits when petitioner has five children. That said, on his Form 1040A, petitioner claimed: (1) dependency exemption deductions for four children; (2) the earned income tax credit for three children; (3) the child tax credit for four children; and (4) head of household filing status. As explained in the parties' stipulation of facts, petitioner did not attach a Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, or a statement conforming to the substance of a Form 8332, to his Form 1040A for tax year 2013.

On February 9, 2015, respondent sent petitioner a notice of deficiency that disallowed the claimed dependency exemption deductions, earned income tax credit, and child tax credit for 2013. The notice also changed petitioner's filing status from head of household to single and determined an accuracy-related penalty under section 6662(a).

[*4]                                     OPINION

The Commissioner's determinations in a notice of deficiency are generally

presumed correct, and the taxpayer bears the burden of proving that the

determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115

(1933). Deductions and credits are a matter of legislative grace, and the taxpayer

bears the burden of proving that he is entitled to any deduction or credit claimed.

New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Likewise, the

taxpayer is obliged to demonstrate entitlement to an advantageous filing status,

such as head of household. See, e.g., Smith v. Commissioner, T.C. Memo.

2008-229.

Although the record in this case is meager, we found petitioner to be a

credible witness. See Diaz v. Commissioner, 58 T.C. 560, 564 (1972) (stating that

the process of distilling truth from the testimony of witnesses, whose demeanor we

observe and whose credibility we evaluate, is the daily grist of judicial life).

Petitioner testified that although he and his wife had previously been separated

and he had at times been ordered to pay child support, for 2013 he was married

and living in public housing with his wife and their children.

The determinations in the notice of deficiency stemmed from respondent's

records showing that petitioner was not the custodial parent of his minor children

[*5] and from petitioner's failure to attach a copy of Form 8332 or its equivalent to his return. See sec. 152(e)(2). Respondent provided a copy of a child support order to establish that petitioner was in fact a "noncustodial parent". However, the child support order was entered August 3, 2015. It does not contradict petitioner's testimony. Further, the child support order was not effective until August 1, 2015.

Petitioner sufficiently met his burden of establishing that he and his wife were married during 2013, and any special requirement of a Form 8332 under section 152(e)(2) is inapplicable.

I.      Dependency Exemption Deductions

The Internal Revenue Code allows as a deduction in computing taxable income an exemption for each dependent of a taxpayer. See sec. 151(c). As relevant here, an individual must be a "qualifying child" of the taxpayer to be a dependent. Sec. 152(a). The issue in this case is whether the children claimed on petitioner's return as dependents had the same principal place of abode as petitioner for more than one-half of the taxable year--a requirement for being a "qualifying child". See sec. 152(c)(1). It appears from this limited record that they did and that petitioner is entitled to the dependency exemption deductions claimed on his 2013 Federal income tax return.

**[*6]** II.      <u>Earned Income Credit</u>

Section 32(a)(1) provides an eligible individual with an earned income credit against the individual's income tax liability, subject to a phaseout explained in section 32(a)(2).  The amount of the credit to which an eligible individual is entitled increases if the individual has a qualifying child.  Sec. 32(b), (c)(3).  Because he had "three or more" qualifying children for tax year 2013, petitioner is entitled to the earned income credit.  Sec. 32(b).

III.      <u>Child Tax Credit and Additional Child Tax Credit</u>

Section 24(a) allows a taxpayer a $1,000 credit against income tax with respect to each qualifying child.  Section 24(d) makes a portion of that credit-- commonly referred to as the additional child tax credit--refundable.  For purposes of section 24, a "qualifying child" is a qualifying child of the taxpayer, as defined in section 152(c), who has not yet reached the age of 17.  Sec. 24(c).  Petitioner is entitled to the child tax credits and the additional child tax credits claimed.

IV.      <u>Head of Household</u>

Petitioner explained at trial that because he and his wife had separated by the time he was ready to file his 2013 tax return, he had asked his preparer to file for him as "married filing separately".  It appears that the preparer erroneously

**[*7]** filed at least petitioner's return as "head of household"; petitioner's wife's return for 2013 is not part of the record before us.

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household. Section 2(b) defines a head of household as an individual taxpayer who, among other things, is "not married at the close of his taxable year and is not a surviving spouse". Petitioner was married for 2013, and therefore he cannot qualify for head of household filing status. Since petitioner was married, he was not eligible to file as single as determined by respondent in the notice of deficiency. See sec. 1(c). Petitioner's correct filing status for 2013 is married filing separately. See sec. 1(d).

V.    Section 6662(a) Penalty

Respondent determined that petitioner is liable for an accuracy-related penalty pursuant to section 6662(a) for tax year 2013. We held above that petitioner is entitled to his claimed dependency exemption deductions, earned income tax credit, and child tax credits. We held that petitioner was not entitled to file as head of household. Our discussion of the penalty will be in reference only to any underpayment of tax that results from petitioner's having incorrectly filed with a claimed status of head of household.

**[*8]**  Section 6662(a) imposes a 20% penalty on any underpayment attributable to, among other things, negligence or disregard of rules or regulations within the meaning of subsection (b)(1), or any substantial understatement of income tax within the meaning of subsection (b)(2).  Only one accuracy-related penalty may be applied with respect to any given portion of an underpayment, even if that portion is subject to the penalty on more than one of the grounds set out in subsection (b).  Sec. 1.6662-2(c), Income Tax Regs.

The Commissioner bears the burden of production regarding the taxpayer's liability for any penalty.  Sec. 7491(c); see also Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Respondent can meet the burden of production by showing that petitioner was negligent.  Negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, to exercise due care, or to do what a reasonable and prudent person would do under the circumstances.  Sec. 6662(c); Neely v. Commissioner, 85 T.C. 934, 947 (1985); sec. 1.6662-3(b)(1), Income Tax Regs.  Negligence is strongly indicated where a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction, credit, or exclusion on a return that would seem to a reasonable and prudent person to be "too good to be true" under the circumstances.  Sec. 1.6662-3(b)(1)(ii), Income Tax Regs.

**[\*9]** An understatement of income tax is substantial if the understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). Rule 155 computations will determine whether petitioner has a substantial understatement of income tax. If these computations establish a substantial understatement of income tax, respondent has met his burden of production. See Olagunju v. Commissioner, T.C. Memo. 2012-119. Once the Commissioner has met his burden, the taxpayer must provide persuasive evidence that the Commissioner's determination was incorrect. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 447.

The accuracy-related penalty does not apply with respect to any portion of an underpayment for which it is shown that the taxpayer had reasonable cause and acted in good faith. Sec. 6664(c)(1). Reasonable cause and good faith are determined on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. On these particular facts, petitioner's reliance on his return preparer was reasonable. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d (3d Cir. 2002). Among other things, petitioner had a language barrier, sought and relied on professional advice, and was separated from his wife when he actually filed his return. Under these circumstances, we find that petitioner had reasonable cause

**[\*10]** and acted in good faith.  The penalty does not apply to any portion of the underpayment.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.