T.C. Summary Opinion 2010-111

UNITED STATES TAX COURT

TESSIE A. MANUEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11748-09S.            Filed August 4, 2010.

Tessie A. Manuel, pro se.

<u>Matthew Williams</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $5,216 deficiency in petitioner's 2007 Federal income tax. After concessions[1] the issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for D.M.[2] and S.M.; (2) whether petitioner is entitled to head of household filing status; (3) whether petitioner is entitled to the child tax credit and additional child tax credit; and (4) whether petitioner is entitled to an earned income credit (EIC).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in California.

Petitioner married Luis Marroquin (Mr. Marroquin) in 2004. Mr. Marroquin had four children with his first wife. Two of the children, D.M. and S.M., resided with Mr. Marroquin in 2007 in

_____

[1]In the notice of deficiency respondent determined petitioner's proper filing status as single. Respondent now agrees that petitioner is entitled to married filing separate status. On the basis of petitioner's taxable income, this concession will not alter the amount of the deficiency.

[2]The Court refers to minor children by their initials. See Rule 27(a)(3).

the home he shared with petitioner in California. D.M. was born in 1990 and was 17 years old in 2007; S.M. was born in 1992 and was 15 years old in 2007. There is no evidence either child provided any of his or her own support.

To supplement the family income, petitioner took a job as a fish processor in Alaska and in 2007 was away from home for 7 months (January-April and June-October). Although she lived and worked in Alaska during those months, she sent most of her earnings to her husband in California to help support the family.

Petitioner timely filed her 2007 Form 1040, U.S. Individual Income Tax Return. On the return she claimed head of household filing status, two dependency exemption deductions, the child tax credit and additional child tax credit, and the EIC. Respondent issued a notice of deficiency on April 10, 2009, determining a deficiency of $5,216. Respondent determined that petitioner is ineligible for the claimed head of household filing status, the dependency exemption deductions, the child tax credit and additional child tax credit, and the EIC. Petitioner timely filed a petition in response to the notice of deficiency.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions

are a matter of legislative grace.  <u>Deputy v. du Pont</u>, 308 U.S. 488, 493 (1940); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).  A taxpayer bears the burden of proving entitlement to any deduction claimed.  Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>Welch v. Helvering</u>, <u>supra</u>; <u>Wilson v. Commissioner</u>, T.C. Memo. 2001-139.  A taxpayer is required to maintain records sufficient to substantiate deductions claimed on his or her income tax return.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Petitioner has neither alleged that section 7491(a) applies nor established her compliance with the substantiation and recordkeeping requirements.  See sec. 7491(a)(2)(A) and (B).  Petitioner therefore bears the burden of proof.  See Rule 142(a).

I.  <u>Dependency Exemption Deduction</u>

A.  <u>General</u>

A taxpayer is entitled to a dependency exemption deduction only if the claimed dependent is a "qualifying child" or a "qualifying relative" as defined under section 152(c) and (d). Sec. 152(a).  A qualifying child is defined as the taxpayer's child, brother, sister, stepbrother, or stepsister, or a descendant of any of them.  Sec. 152(c)(1) and (2).  The term

"child" includes a legally adopted individual and a foster child placed in the care of the taxpayer by an authorized placement agency or by a court order.  Sec. 152(f)(1).

Petitioner is not a biological parent of either D.M. or S.M., nor has petitioner adopted either child.  Therefore, D.M. and S.M. are not petitioner's qualifying children.

An individual who is not a qualifying child may, under certain conditions, qualify as a dependent if he or she is a qualifying relative.  Sec. 152(a).  Under section 152(d)(1), a qualifying relative is an individual:  (A) Who bears a qualifying relationship to the taxpayer; (B) whose gross income for the year is less than the section 151(d) exemption amount; (C) who receives over one-half of his or her support from the taxpayer for the taxable year; and (D) who is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year.

To fit within the definition of a qualifying relative, the individual must satisfy each of the above requirements.  There are multiple reasons D.M. and S.M. are not petitioner's qualifying relatives.

B.    Section 152(d)(1)(D)

Section 152(d)(1)(D) requires a qualifying relative to be neither the taxpayer's qualifying child nor the qualifying child of any other taxpayer.  A qualifying child must meet all of the following requirements:  (1) Bear a relationship to the

taxpayer such as son or daughter, (2) have the same principal place of abode as the taxpayer for more than one-half of the taxable year, (3) be under the age of 19, and (4) not provide more than one-half of his own support. Sec. 152(c). D.M. and S.M. are qualifying children of Mr. Marroquin because they are his children, D.M. and S.M. had the same principal place of abode for more than 6 months with Mr. Marroquin, D.M. and S.M. were 17 and 15 years old, and they did not provide any of their own support. Thus D.M. and S.M. meet all four requirements for the year 2007. Since D.M. and S.M. are the qualifying children of Mr. Marroquin, neither can be a qualifying relative for purposes of petitioner's claimed dependency exemption deductions. See sec. 152(d)(1)(D).

C. Section 152(d)(1)(A) and (C)

Even if the provisions of section 152(d)(1)(D) were satisfied, D.M. and S.M. would fail to qualify under the provisions of section 152(d)(1)(A) and (C). Section 152(d)(2) lists eight qualifying relationships, seven of which involve various familial relationships which do not apply to the circumstances herein. The eighth type of qualifying relationship applies to an individual other than the taxpayer's spouse who has the same principal place of abode as the taxpayer and is a member of the taxpayer's household for the taxable year. Sec. 152(d)(2)(H). In order for an individual to be considered a

member of a taxpayer's household, the taxpayer must maintain the household and both the taxpayer and the individual must occupy the household for the entire taxable year. Sec. 1.152-1(b), Income Tax Regs. A temporary absence from the household will not prevent an individual from being considered as living with the taxpayer for the entire year. Id. A taxpayer maintains a household when he or she pays more than one-half of the expenses for the household. See sec. 2(b); Rev. Rul. 64-41, 1964-1 C.B. (Part 1) 84, 85.

Not only did petitioner not occupy the household for 7 months of 2007, but she also has not shown that she maintained the household. In order for the Court to determine whether a taxpayer provided over one-half of the cost of maintaining a household, the taxpayer must establish the total cost of maintaining the household. See Rosen v. Commissioner, T.C. Memo. 1994-40; see also Smith v. Commissioner, T.C. Memo. 2008-229. Costs of maintaining a household include "property taxes, mortgage interest, rent, utility charges, upkeep and repairs, property insurance, and food consumed on the premises." Sec. 1.2-2(d), Income Tax Regs. Mr. Marroquin earned approximately $40,000 in gross income for 2007 whereas petitioner earned approximately $23,000. Although petitioner claimed to have sent her entire paycheck home, we cannot conclude, on the basis of the record, that the amount she sent home accounted for more than

one-half of the household expenses.  Petitioner did not provide records proving the household expenses, the amount that she paid towards those expenses, or that she paid more than one-half of the total expenses for the household.  Petitioner and Mr. Marroquin failed to provide testimony that might have sufficed in this regard.  Therefore, petitioner has not proven that D.M. and S.M. were qualifying relatives, see sec. 152(d)(1)(A), or that D.M. and S.M. received more than half of their support from petitioner, see sec. 152(d)(1)(C).  Accordingly, D.M. and S.M. are not petitioner's qualifying relatives under either section 152(d)(1)(A) or (C).

II.  Head of Household Filing Status

Section 1(b) imposes a special tax rate on an individual taxpayer who files a Federal income tax return as a head of household.  Section 2(b) in pertinent part defines a head of household as an individual taxpayer who:  (1) Is unmarried as of the close of the taxable year and is not a surviving spouse; and (2) maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode, as a member of such household, of a dependent for whom the taxpayer is entitled to a deduction under section 151.  See also, e.g., Rowe v. Commissioner, 128 T.C. 13, 16-17 (2007).  The taxpayer is considered as maintaining a household only if the

taxpayer furnishes over one-half of the cost of maintaining the household.  Sec. 2(b)(1).

Petitioner was married in 2007 and has not shown that she had a dependent or provided evidence to show she maintained the household.  Petitioner is not entitled to head of household filing status.

III. Child Tax Credit

Section 24(a) provides a credit with respect to each qualifying child of the taxpayer.  Section 24(c)(1) defines the term "qualifying child" as "a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."[3] The child tax credit may not exceed the taxpayer's regular tax liability.  Sec. 24(b)(3).  Where a taxpayer is eligible for the child tax credit, but the taxpayer's regular tax liability is less than the amount of the child tax credit potentially available under section 24(a), section 24(d) makes a portion of the credit, known as the additional child tax credit, refundable.

Since D.M. and S.M. are not petitioner's qualifying children, petitioner is not entitled to the child tax credit or the additional child tax credit.

---

[3]The credit is reduced by $50 for each $1,000 (or fraction thereof) by which an individual's modified adjusted gross income exceeds specified amounts not relevant herein.  Sec. 24(b).

## IV.  Earned Income Credit

An eligible individual is entitled to a credit against his Federal income tax liability, calculated as a percentage of his earned income, subject to certain limitations.  Sec. 32(a)(1); Rowe v. Commissioner, supra at 15.  Different percentages and amounts are used to calculate the EIC, depending on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.  Sec. 32(b); Rowe v. Commissioner, supra at 15.  A "qualifying child" means a qualifying child of the taxpayer as defined in section 152(c).  Sec. 32(c)(3)(A).

As previously discussed, D.M. and S.M. are not petitioner's qualifying children; thus, petitioner is not entitled to the EIC with two qualifying children for 2007.[4]

## Conclusion

For the reasons discussed herein, petitioner is not entitled to the claimed dependency exemption deductions, credits, or head of household filing status.  Respondent's determination is therefore sustained.

---

[4]Petitioner's adjusted gross income for 2007 exceeded $12,590; accordingly she is also ineligible to claim an earned income credit under sec. 32(c)(1)(A)(ii) as an individual without a qualifying child.  See Rev. Proc. 2006-53, sec. 3.07(1), 2006-2 C.B. 996, 1000.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.