T.C. Memo. 2011-124

UNITED STATES TAX COURT

JOY WEBB, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19128-09.                    Filed June 6, 2011.

Joy Webb, pro se.

<u>Courtney S. Bacon</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined a deficiency of
$2,401 in petitioner's Federal income tax (tax) for her taxable
year 2008.

The issues for decision for petitioner's taxable year 2008 are:[1]

(1) Does petitioner have gross receipts and net profit of $10,400 from a trade or business? We hold that she does not.

(2) Is petitioner entitled to a dependency exemption deduction under section 151(a)[2] for each of her two grandchildren, Nina Moore and Kyle Moore? We hold that she is not.

(3) Is petitioner entitled to head of household filing status under section 2(b)? We hold that she is not.

(4) Is petitioner entitled to the earned income tax credit under section 32(a)? We hold that she is not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time petitioner filed the petition, she resided in Union City, Georgia (Union City), which is in Fulton County, Georgia (Fulton County).[3]

---

[1]Certain other issues arise from certain other determinations of respondent in the notice of deficiency issued to petitioner for her taxable year 2008. Resolution of those issues flows automatically from our resolution of certain issues addressed herein.

[2]All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

[3]We take judicial notice that Union City is in Fulton County.

Petitioner is the maternal grandmother of Nina Moore, who was born on October 11, 1987, and Kyle Moore, who was born on July 3, 1991. Petitioner's daughter, Deana Moore (Ms. Moore), is the mother of Nina Moore and Kyle Moore. At all relevant times, Ms. Moore resided at 460 Rivers Road, Fayetteville, Georgia (Fayetteville), which is in Fayette County, Georgia (Fayette County).[4]

During 2008, Nina Moore was enrolled at Valdosta State University where she started matriculating in the fall of 2006. A transcript with respect to Nina Moore that Valdosta University issued on March 24, 2009, showed her address as 460 Rivers Road, Fayetteville, which was the residence of her mother, Ms. Moore.

During 2008, Kyle Moore was enrolled as a senior at Sandy Creek High School in Fayette County, where he started matriculating in the fall of 2005. A transcript with respect to Kyle Moore that Sandy Creek High School issued on October 3, 2008, did not show his address.

At no relevant time did petitioner maintain a checking account or document any money that she may have received or expended.

On dates not disclosed by the record, petitioner provided certain babysitting services for certain children of two individ-

---

[4]We take judicial notice that Fayetteville is in Fayette County.

uals, which at times included providing food. In exchange for those babysitting services, petitioner received certain house-keeping services from one of those individuals and a small amount of cash from the other. At no time did petitioner include the value of those housekeeping services or that small amount of cash in income in a tax return that she filed.

Petitioner filed Form 1040, U.S. Individual Income Tax Return, for her taxable year 2008 (2008 return). In that return, petitioner reported taxable interest of $820 and taxable pensions and annuities of $3,631. In Schedule C-EZ, Net Profit From Business (Schedule C), that petitioner included with her 2008 return, petitioner described her claimed business as "CHILDCARE" and claimed gross receipts of $10,400, no expenses, and net profit of $10,400. In her 2008 return, petitioner also claimed (1) dependency exemption deductions for her grandchildren, Nina Moore and Kyle Moore, (2) head of household filing status, and (3) the earned income tax credit with respect to those grandchil-dren. In Schedule EIC, Earned Income Credit, that petitioner included with her 2008 return, petitioner claimed that during 2008 both Nina Moore and Kyle Moore lived with her for 12 months. However, petitioner indicated, inconsistently, on page 1 of her 2008 return, on which she showed Nina Moore and Kyle Moore on line 6c as her dependents, that during 2008 neither of those grandchildren lived with her.

Respondent issued to petitioner a notice of deficiency (notice) for her taxable year 2008.  In that notice, respondent, inter alia, determined that petitioner has no Schedule C gross receipts or net profit.  Respondent also determined in the notice that petitioner is not entitled to (1) dependency exemption deductions for Nina Moore and Kyle Moore, (2) head of household filing status, and (3) the earned income tax credit.

OPINION

Petitioner has the burden of establishing that the determinations in the notice are wrong.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

In support of her position with respect to each of the issues presented in this case, petitioner relies primarily on her own testimony and on the testimony of her daughter Ms. Moore.  We found the testimony of petitioner to be in certain material respects conclusory, general, vague, uncorroborated, and self-serving.  We found the testimony of Ms. Moore to be in certain material respects conclusory, vague, uncorroborated, and serving the interests of petitioner, her mother.  We are not required to, and we shall not, rely on the respective testimonies of petitioner and her daughter, Ms. Moore, in order to establish petitioner's position with respect to each of the issues presented. See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Schedule C Gross Receipts and Net Profit

Petitioner claims that during 2008 Ms. Moore, her daughter, paid her $200 a week to "watch"[5] certain of Ms. Moore's children. The only evidence that petitioner presented in support of that claim is the respective testimonies of herself and Ms. Moore, on which we are unwilling to rely, and a letter written by Ms. Moore that stated: "This is a letter stating that I pay $200 a week to Joy Webb [petitioner] to watch my children. She has been watching them for years."

On the record before us, we reject petitioner's claim that during 2008 Ms. Moore paid her $200 a week to "watch" certain of Ms. Moore's children. Even if we accepted that claim, petitioner has failed to carry her burden of establishing that for her taxable year 2008 she was in the trade or business of (1) "watching" certain of Ms. Moore's children, (2) babysitting any other children, or (3) performing any other child care activities.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry her burden of estab-

_____

[5]We do not know what petitioner and Ms. Moore intended when they used the word "watch". Although Ms. Moore claimed during her testimony that she paid petitioner $200 a week to babysit two of her children, petitioner claims on brief that her daughter, Ms. Moore, paid her $200 a week to "to do various things such as baby-sit, clean house, run errands and cook."

lishing that for her taxable year 2008 she has Schedule C gross receipts and net profit of $10,400.

<u>Dependency Exemption Deductions</u>

Section 151(a) provides that "the exemptions provided by this section shall be allowed as deductions" to a taxpayer. Section 151(c) provides an exemption for each dependent of the taxpayer as defined in section 152.

Section 152(a) defines the term "dependent" to mean either a qualifying child or a qualifying relative.

Section 152(c) defines the term "qualifying child" as follows:

SEC. 152. DEPENDENT DEFINED.

(c) Qualifying Child.--For purposes of this section--

(1) In general.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--

(A) who bears a relationship to the taxpayer described in paragraph (2),

(B) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year,

(C) who meets the age requirements of paragraph (3), and

(D) who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins.

As pertinent here, for purposes of section 152(c)(1)(A) an individual bears a relationship to the taxpayer if that individual is a grandchild of the taxpayer. See sec. 152(c)(2)(A). As pertinent here, for purposes of section 152(c)(1)(C) an individual meets the age requirements if that individual is (1) under age 19 as of the close of the calendar year in which the taxpayer's taxable year begins, see sec. 152(c)(3)(A)(i), or (2) a student, as defined in section 152(f)(2), who is not 24 years old as of the close of that calendar year, see sec. 152(c)(3)(A)(ii).

Section 152(d) defines the term "qualifying relative" as follows:

SEC. 152. DEPENDENT DEFINED.

(d) Qualifying Relative.--For purposes of this section--

(1) In general.--The term "qualifying relative" means, with respect to any taxpayer for any taxable year, an individual--

(A) who bears a relationship to the taxpayer described in paragraph (2),

(B) whose gross income for the calendar year in which such taxable year begins is less than the exemption amount (as defined in section 151(d)),

(C) with respect to whom the taxpayer provides over one-half of the individual's support for the calendar year in which such taxable year begins, and

(D) who is not a qualifying child of such taxpayer or of any other taxpayer for any taxable year beginning in the calendar year in which such taxable year begins.

As pertinent here, for purposes of section 152(d)(1)(A) an individual bears a relationship to the taxpayer if that individual is a grandchild of the taxpayer, see sec. 152(d)(2)(A), or is "An individual * * * who, for the taxable year of the taxpayer, has the same principal place of abode as the taxpayer and is a member of the taxpayer's household", see sec. 152(d)(2)(H).

The disputes between the parties as to whether petitioner is entitled to a dependency exemption deduction for each of her grandchildren, Nina Moore and Kyle Moore, for petitioner's taxable year 2008 include the following:

(1) Did Nina Moore and Kyle Moore each have the same principal place of abode as petitioner for more than one-half of petitioner's taxable year 2008, as required for each of them to satisfy the definition of a dependent in section 152(a)(1) as a qualifying child under section 152(c)? See sec. 152(c)(1)(B).

(2) Did petitioner provide for 2008 more than one-half of the total support of each of her grandchildren, Nina Moore and Kyle Moore, as required for each of them to satisfy the definition of a dependent in section 152(a)(2) as a qualifying relative under section 152(d)? See sec. 152(d)(1)(C).

We turn to the first question set forth above. We find no reliable evidence in the record that Nina Moore or Kyle Moore resided with petitioner during any portion of 2008. On the record before us, we find that petitioner has failed to carry her

burden of establishing that she and Nina Moore and she and Kyle Moore had the same principal place of abode at any time during that year, let alone for more than one-half of that year. See sec. 152(c)(1)(B). On that record, we find that petitioner has failed to carry her burden of establishing that for her taxable year 2008 each of her grandchildren, Nina Moore and Kyle Moore, is her qualifying child, as defined in section 152(c), and that therefore each of them is her dependent, as defined in section 152(a)(1).

We turn now to the second question stated above; namely, whether petitioner provided for 2008 more than one-half of the total support of each of her grandchildren, Nina Moore and Kyle Moore. In order to prove that she did, petitioner must establish (1) the total amount of support from all sources provided during 2008 to each of those grandchildren and (2) that petitioner provided during that year over one-half of that total amount for each grandchild. See Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); sec. 1.152-1(a)(2)(i), Income Tax Regs.

The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Sec. 1.152-1(a)(2)(i), Income Tax Regs. The total amount of support for each claimed dependent provided by all sources during the year in question must be shown by competent evidence. Blanco v. Commissioner,

supra at 514.  Where the total amount of support provided to a child during the year in question is not shown and may not reasonably be inferred from competent evidence, it is not possible to find that the taxpayer contributed more than one-half of that child's total support.  Id. at 514-515; Fitzner v. Commissioner, 31 T.C. 1252, 1255 (1959).

 We find no reliable evidence in the record establishing (1) the total amount of any support that petitioner provided during 2008 to each of her grandchildren, Nina Moore and Kyle Moore, and (2) the total amount of support from all sources provided during that year to each of them.  Nor did petitioner proffer any evidence from which the Court might infer the total amount of support from all sources provided during 2008 to each of her grandchildren, Nina Moore and Kyle Moore.  On the record before us, we find that petitioner has failed to carry her burden of establishing that for 2008 she provided more than one-half of the total support of Nina Moore and one-half of the total support of Kyle Moore.  On that record, we further find that petitioner has failed to carry her burden of establishing that for her taxable year 2008 each of her grandchildren, Nina Moore and Kyle Moore, is her qualifying relative, as defined in section 152(d), see sec. 152(d)(1)(C), and that therefore each of them is her dependent, as defined in section 152(a)(2).

Based upon our examination of the entire record before us, we find that petitioner has failed to carry her burden of establishing that she is entitled for her taxable year 2008 to dependency exemption deductions under section 151(a) for her grandchildren, Nina Moore and Kyle Moore.

Head of Household Filing Status

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household. As pertinent here, section 2(b)(1) provides that an unmarried individual "shall be considered a head of a household" if that individual "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of "a qualifying child of the individual (as defined in section 152(c) * * *)", sec. 2(b)(1)(A)(i), or "any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151," sec. 2(b)(1)(A)(ii).[6]

We have found that petitioner has failed to carry her burden of establishing that she and Nina Moore and she and Kyle Moore had the same principal place of abode at any time during 2008, let alone for more than one-half of that year. We have also found that petitioner has failed to carry her burden of estab-

---

[6]Sec. 2(b)(1)(A)(i) contains two limitations that deny head of household filing status where the taxpayer has a qualifying child. Neither of those limitations is applicable in this case.

lishing that for her taxable year 2008 (1) each of her grand-children, Nina Moore and Kyle Moore, is her qualifying child, as defined in section 152(c), or her qualifying relative, as defined in section 151(d), and (2) she is entitled to a dependency exemption deduction for each of them.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry her burden of establishing that she is entitled for her taxable year 2008 to head of household filing status under section 2(b).

Earned Income Tax Credit

Section 32(a)(1) permits an eligible individual as a credit against tax for the taxable year an amount equal to the credit percentage of so much of the taxpayer's earned income for the year as does not exceed the earned income amount.

We turn first to whether for her taxable year 2008 petitioner is an eligible individual for purposes of the earned income tax credit provided in section 32(a)(1). As pertinent here, section 32(c)(1)(A)(i) defines the term "eligible individ-ual" to mean "any individual who has a qualifying child for the taxable year". Sec. 32(c)(1)(A)(i).[7] As pertinent here, section 32(c)(3)(A) defines the term "qualifying child" to mean "a

_____

[7]The amount of the credit is determined according to percentages that vary depending on whether the taxpayer has one qualifying child, two or more qualifying children, or no qualifying children. Sec. 32(b). The credit is also subject to a limitation based on adjusted gross income. Sec. 32(a)(2).

qualifying child of the taxpayer (as defined in section 152(c)

* * *)".

We have found that petitioner has failed to carry her burden of establishing that for her taxable year 2008 each of her grandchildren, Nina Moore and Kyle Moore, is a qualifying child, as defined in section 152(c). On the record before us, we find that petitioner has failed to carry her burden of establishing that for her taxable year 2008 each of them is a qualifying child, as defined in section 32(c)(3)(A). On that record, we further find that petitioner has failed to carry her burden of establishing that for her taxable year 2008 she is an eligible individual, as defined in section 32(c)(1)(A)(i).[8]

We turn now to whether for her taxable year 2008 petitioner has earned income for purposes of the earned income tax credit provided by section 32(a)(1). As pertinent here, section 32(c)(2)(A) defines the term "earned income" as follows:

(2) Earned income.--

  (A) The term "earned income" means--

    (i) wages, salaries, tips, and other employee compensation, but only if such amounts are includ-

---

[8]Petitioner does not claim that she is an eligible individual, as defined in sec. 32(c)(1)(A)(ii). Even if she made that claim, the record is devoid of evidence establishing petitioner's age before the end of 2008. As a result, petitioner has failed to carry her burden of establishing that she satisfies the age requirements of sec. 32(c)(1)(A)(ii)(II), which she must satisfy, among other requirements, in order to qualify as an eligible individual, as defined in sec. 32(c)(1)(A)(ii).

ible in gross income for the taxable year, plus

(ii) the amount of the taxpayer's net earnings from self-employment for the taxable year (within the meaning of section 1402(a)), but such net earnings shall be determined with regard to the deduction allowed to the taxpayer by section 164(f).

Section 32(c)(2)(B) provides that for purposes of section 32(c)(2)(A) the term "earned income" does not include amounts received as a pension or an annuity.

We have found that petitioner has failed to carry her burden of establishing that for her taxable year 2008 she has Schedule C gross receipts and net profit of $10,400. The only other income that petitioner reported in her 2008 return was taxable interest of $820 and taxable pensions and annuities of $3,631. On the record before us, we find that petitioner has failed to carry her burden of establishing that for her taxable year 2008 she has earned income, as defined in section 32(c)(2).

Based upon our examination of the entire record before us, we find that petitioner has failed to carry her burden of establishing that she is entitled for her taxable year 2008 to the earned income tax credit under section 32(a).

We have considered all of petitioner's contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

Decision will be entered

for respondent.