T.C. Summary Opinion 2017-59

UNITED STATES TAX COURT

LOUIS M. GACHETTE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9472-16S.                    Filed July 31, 2017.

Louis M. Gachette, pro se.

<u>Monica E. Koch</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated January 27, 2016, respondent determined a deficiency of $5,040 in petitioner's 2013 Federal income tax.

After concessions,[2] the issues for decision are whether petitioner is entitled to (1) a dependency exemption deduction, (2) a child tax credit, (3) an earned income tax credit (EITC), and (4) head of household filing status.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation of facts by this reference. Petitioner was a resident of New York when the petition was timely filed.

Petitioner married Mary Desvarieux in 1999, and together they had a daughter, K.G., who was a minor at the close of 2013.[3] Sometime around April

---

[1](...continued)
Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner conceded that he failed to report a taxable individual retirement account distribution of $750 for 2013 and that he is liable for the 10% additional tax on early withdrawal under sec. 72(t).

[3]It is the policy of this Court not to identify minors. We refer to minor children by their initials. See Rule 27(a)(3).

2009 petitioner came home to discover that Ms. Desvarieux had moved out of the house. Although petitioner and Ms. Desvarieux have lived apart since 2009, they never initiated legal separation or divorce proceedings and remain married. In 2013 petitioner resided in a one-bedroom apartment.

During the year in issue petitioner was working as a security guard for Allied Barton Security Services. Petitioner worked the night shift, from midnight to 10 a.m., Monday through Thursday.

Petitioner filed a timely income tax return, Form 1040, U.S. Individual Income Tax Return, for the taxable year 2013. Petitioner filed the return as head of household and claimed (1) a dependency exemption deduction for K.G., (2) an EITC, and (3) an additional child tax credit. Petitioner reported wages of $25,886. Respondent disallowed the claimed deduction and credits and changed petitioner's filing status to single. Petitioner filed a timely petition in response to the notice of deficiency.

Ms. Desvarieux timely filed a 2013 Form 1040, filing as head of household and also claiming a dependency exemption deduction for K.G. It does not appear that respondent made any adjustments to Ms. Desvarieux's 2013 return.

At trial petitioner introduced copies of the following documents purporting to substantiate that K.G. qualifies as his dependent: (1) a letter from Dr. Kesler

Dalmacy, dated September 14, 2015, stating that petitioner and K.G. are his patients and that his records indicate that they have lived together at petitioner's home address since 2002; (2) a report card for K.G. for the 2013-14 school year; and (3) an undated document that petitioner prepared, reflecting K.G.'s name, petitioner's home address, and the signatures of five individuals whom he asserts were K.G.'s teachers during the 2012-13 school year.

## Discussion

### I. Burden of Proof

In general, the Commissioner's determination as to a taxpayer's tax liability is presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction or credit claimed. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must comply with specific requirements for any deductions claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. at 440. Taxpayers must also maintain adequate records to substantiate the amounts of any credits and deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Likewise, the taxpayer is obliged to demonstrate

entitlement to an advantageous filing status, such as head of household. See Smith v. Commissioner, T.C. Memo. 2008-229.

II.     Dependency Exemption Deductions

Section 151 allows deductions for personal exemptions, including exemptions for dependents of taxpayers. See sec. 151(c). Section 152(a) defines the term "dependent" as a qualifying child or a qualifying relative. Generally, a "qualifying child" must (1) bear a specified relationship to the taxpayer (e.g., be the taxpayer's child), (2) have the same principal place of abode as the taxpayer for more than one-half of the taxable year, (3) meet certain age requirements, (4) not have provided over one-half of his or her own support for the taxable year, and (5) not have filed a joint return for that year. Sec. 152(c)(1). All of these requirements must be satisfied; if any one is not, then the individual is not the taxpayer's qualifying child.

Section 152(d) generally defines a "qualifying relative" as an individual (1) who bears a specified relationship to the taxpayer (e.g., is the taxpayer's child), (2) whose gross income is less than the exemption amount, (3) with respect to whom the taxpayer provides over one-half of the individual's support, and (4) who is not a qualifying child of such taxpayer or any other taxpayer. All of these requirements must be satisfied.

The record reflects and respondent does not dispute that K.G. satisfies the age and relationship requirements of section 152(c). Respondent does not agree, however, that K.G. had the same principal place of abode as petitioner for more than one-half of the taxable year or that petitioner provided more than one-half of K.G.'s support.

### A. Principal Place of Abode

Petitioner testified that K.G. lived with him during the year in issue and that when he worked the night shift K.G. would stay the night at her grandmother's house[4] because he did not want her to be alone in the apartment overnight. In the evenings petitioner would walk K.G. to the bus station, from which she would take a bus to her grandmother's house. The following morning K.G. would leave her grandmother's house by bus and go directly to school when school was in session. If school was not in session K.G. would return to petitioner's house. Petitioner testified that K.G. stayed with him except during school days and nights that he worked.

---

[4]Petitioner testified that he could not remember where Ms. Desvarieux was living during the year in issue or whether Ms. Desvarieux was living with her mother (K.G.'s grandmother). It is further unclear from his testimony whether K.G. spent nights only at her grandmother's house or alternated between Ms. Desvarieux's house and her grandmother's house. For the sake of simplicity we will refer only to K.G.'s grandmother's house.

Other than his testimony, petitioner did not provide evidence that K.G. had the same principal place of abode as petitioner for more than one-half of the year. Petitioner testified that K.G. spent approximately 200 nights at her grandmother's house because he worked nights Monday through Thursday[5] and that K.G. spent the remaining 165 nights at his house. Petitioner did not provide other evidence to support his assertions.[6]

Petitioner failed to establish that K.G. had the same principal place of abode as petitioner for more than one-half the year. It follows that K.G. was not petitioner's qualifying child within the meaning of section 152(c).

B.     Support

"The term 'support' includes food, shelter, clothing, medical and dental care, education, and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs. For a taxpayer to prove that he provided more than one-half of an individual's support,

---

[5]Petitioner testified that he had two weeks of vacation in 2013. Four nights per week × 50 weeks = 200 days per year.

[6]Although petitioner provided a few documents, none of them establishes that K.G. shared his principal place of abode for more than one-half of the year in issue. The letter from Dr. Dalmacy reflects only the address for petitioner and K.G. in his records and does not indicate how long K.G. resided with petitioner in 2013. Assuming that the document which petitioner prepared was signed by K.G.'s teachers, it also does not indicate K.G's principal place of abode in 2013. Finally, the only document petitioner provided from K.G.'s school, her report card, did not reflect an address or other such information relevant to our inquiry.

he must establish, by competent evidence, the total amount of support that the individual received from all sources and that he provided more than one-half of that amount.  Id.; see also Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); Webb v. Commissioner, T.C. Memo. 2011-124, 2011 WL 2183780, at *4.

Petitioner asserts that he provided more than one-half of K.G.'s support for 2013, testifying that he paid her food, transportation, and school expenses and that he paid the rent, utilities, and other expenses for the apartment.  The Court notes that the total of these amounts allegedly expended exceeds petitioner's reported income for the year.  Further, petitioner testified that he did not know or could not recall the amounts that Ms. Desvarieux or her mother had paid to support K.G. or any other sources of financial support available to the child.  Petitioner did not provide any documentation or other evidence outside of his testimony to support these assertions.  As we are unable to make a finding as to K.G.'s total support from all sources, we cannot reach a conclusion as to whether petitioner provided over one-half of that amount for 2013.  To this extent petitioner has again failed in his burden of proof.  See sec. 152(d); Blanco v. Commissioner, 56 T.C. at 514-515; Webb v. Commissioner, 2011 WL 2183780, at *4; sec. 1.152-1(a)(2)(i), Income Tax Regs.

Because petitioner failed to show that he provided more than one-half of K.G.'s support in 2013, it follows that K.G. was not his qualifying relative within the meaning of section 152(d).[7]

Thus, petitioner has failed to prove that K.G. was either his qualifying child or his qualifying relative.[8] Consequently, we sustain respondent's determination disallowing the dependency exemption deduction.

III.    Child Tax Credit

Section 24(a) provides a tax credit with respect to each qualifying child of the taxpayer for whom the taxpayer is allowed a deduction under section 151. Section 24(c)(1) defines the term "qualifying child" as a "qualifying child of the

---

[7]The Court notes that it appears that petitioner also failed to prove that K.G. was not the qualifying child of another taxpayer. Since neither Ms. Desvarieux nor K.G.'s grandmother testified or provided other evidence, we do not make a finding as to whether K.G. was the qualifying child of Ms. Desvarieux.

[8]The Court further notes that sec. 152(e) permits a noncustodial parent to claim a dependency exemption if certain conditions are satisfied. When parents are legally separated or divorced, sec. 152(e)(1) generally awards the dependency exemption to the custodial parent, that is, the parent having custody of the child for the greater portion of the year. Sec. 152(e)(4). An exception to this rule is set forth in sec. 152(e)(2). The two conditions of that exception are that (1) the custodial parent sign a written declaration releasing her claim to the exemption and (2) the noncustodial parent attach the declaration to the noncustodial parent's return for the taxable year. Sec. 152(e)(2)(A) and (B). Petitioner has not asserted, nor is there any other evidence, that he complied with this provision.

taxpayer (as defined in section 152(c)) who has not attained age 17." As previously discussed, K.G. was not petitioner's qualifying child as defined in section 152(c) for the taxable year 2013, and, therefore, petitioner is not entitled to the child tax credit in dispute.

IV.    Earned Income Tax Credit

Section 32(a)(1) allows an eligible individual an EITC. Section 32(c)(1)(A)(i) defines an "eligible individual" as an individual who has a qualifying child for the taxable year. The term "qualifying child" is defined in section 32(c)(3)(A) to mean a qualifying child of the taxpayer (as defined in section 152(c)), determined without regard to paragraph (1)(D) thereof and section 152(e)). Consistent with the preceding discussion, K.G. was not petitioner's qualifying child as defined in section 152(c) for the taxable year 2013. It follows that petitioner is not eligible for an EITC. An individual who does not have a qualifying child may also be an eligible individual if certain other requirements are satisfied. Sec. 32(c)(1)(A)(ii). However, for such latter individual the amount of the EITC is not as generous and the credit is phased out at a much lower income level. See sec. 32(a) and (b). The EITC is completely phased out for a taxpayer who does not have a qualifying child and whose earned income equals or exceeds $14,340 for 2013. See Rev. Proc. 2013-15, sec. 2.05, 2013-5 I.R.B. 444, 446-447.

Since petitioner's earned income for 2013, $25,886, exceeds this amount, he is not eligible for the EITC.  See id.

V.    Head of Household

Section 1(b) prescribes a relatively favorable tax schedule for a taxpayer who qualifies as a "head of [] household".  Section 2(b) defines a head of household, as relevant herein, as an individual taxpayer who is (1) unmarried[9] and is not a surviving spouse and (2) maintains a home which is the principal place of abode, for more than one-half of the year, for either a qualifying child (defined

---

[9]For Federal income tax purposes, an individual's marital status is determined at the close of the taxable year.  Sec. 7703(a)(1).  A married individual may nonetheless be considered unmarried for Federal income tax purposes where the following four-part test is met:  (1) the individual files a separate return; (2) for more than one-half of the taxable year the individual maintains as his home a household that serves as the principal place or abode of a child who is the individual's tax dependent; (3) the individual furnishes more than one-half of the cost of maintaining such household during the taxable year; and (4) the individual's spouse was not a member of the household during the last six months of the taxable year.  Id. subsec. (b)(1).  These requirements are in the conjunctive; each element must be met before a married individual will be treated as unmarried for Federal income tax purposes.

Petitioner was married to Ms. Desvarieux during the year in issue, but he filed his 2013 return as head of household, and Ms. Desvarieux was not a member of his household during the last six months of 2013.  Id.  As previously discussed, petitioner is not entitled to a dependency exemption deduction under sec. 151. Because he does not meet all the requirements of sec. 7703(b)(1), petitioner is not considered unmarried for Federal income tax purposes.

under section 152(c)) or any other person who is the individual's dependent under section 151.

As previously discussed, we have concluded that petitioner is not entitled to a dependency exemption deduction for K.G. under section 151. Therefore, petitioner does not qualify for head of household filing status for 2013. Sec. 2(b).

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for

respondent.