T.C. Memo. 2011-168

UNITED STATES TAX COURT

JAMES BARNES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8219-07L.                    Filed July 13, 2011.

James Barnes, pro se.

<u>Alisha M. Harper</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  The petition in this case was filed in
response to a Notice of Determination Concerning Collection

Action(s) Under Section 6320 and/or 6330 (notice of determination).[1]  The issues for decision are whether respondent assessed the correct amount of petitioner's underlying income tax liability for 2002 and, if so, whether respondent abused his discretion in sustaining the notice of intent to levy for petitioner's unpaid income tax liability for the 2002 taxable year.

### FINDINGS OF FACT

At the time the petition was filed, petitioner resided in Kentucky.

This case was the subject of a previous opinion denying respondent's motion for summary judgment, in which we found that respondent had failed to establish that petitioner's underlying income tax liability was not properly in issue.  See Barnes v. Commissioner, T.C. Memo. 2010-30.  Pursuant to that opinion, this Court ordered that petitioner's case be remanded to respondent's Office of Appeals for a hearing pursuant to section 6330 at respondent's Appeals Office closest to petitioner's residence. Following the issuance of the Court's order, petitioner's case was reassigned to one of respondent's settlement officers for a supplemental determination.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On March 19, 2010, the settlement officer received Substitute U.S. Postal Service Form 3877 confirming that on November 30, 2004, respondent mailed to petitioner a notice of deficiency for the 2002 tax year, which was addressed to petitioner at his last known address.  The settlement officer also obtained Form 4340, Certificate of Assessments, Payments, and Other Specified Matters (certified transcript), for petitioner's income tax account for the 2002 tax year.  The certified transcript indicates that respondent prepared a substitute return for petitioner, assessed tax against petitioner, and sent all necessary collection notices to petitioner for the 2002 tax year.  The certified transcript also reflects that petitioner had $8,280 in Federal income tax withholding during 2002 from his employment with Progress Rail Services (Progress) and that petitioner made no other payments towards his 2002 income tax liability.

On March 29, 2010, the settlement officer sent to petitioner a letter scheduling a face-to-face conference at respondent's Office of Appeals in Louisville, Kentucky, on April 22, 2010, and requesting that petitioner provide a completed collection information statement and signed income tax returns for the taxable years 2007 and 2008.  On April 9, 2010, the settlement officer received the March 29 letter in his office as undelivered mail bearing a notation that petitioner had moved.  Later that

day the settlement officer sent another letter to petitioner at his current address to schedule a face-to-face conference at respondent's Louisville Office of Appeals on April 22, 2010, and requesting that petitioner provide collection information and signed income tax returns for 2007 and 2008.  Petitioner failed to appear for the meeting.  On August 3, 2010, the settlement officer sent petitioner, by certified mail, another letter offering petitioner an opportunity for a face-to-face conference in respondent's Louisville Appeals Office on one of three alternative dates.  The letter also requested that petitioner provide a collection information statement and signed income tax returns for the 2007, 2008, and 2009 taxable years.  Petitioner signed for the August 3 letter on August 6, 2010, indicating its receipt.

On September 7, 2010, the settlement officer received from petitioner a letter, dated September 2, 2010, in which petitioner stated his preference that the collection due process (CDP) hearing for his 2002 taxable year be handled via correspondence. In petitioner's letter he also identified his current address and requested information concerning how respondent had determined petitioner's income tax liability for 2002.

On September 8, 2010, the settlement officer sent petitioner a letter by certified mail explaining that respondent had prepared a substitute return for petitioner for the 2002 tax year

(since petitioner failed to file an income tax return) on the basis of wage information reported by Progress and a taxable distribution reported by National City Bank of Kentucky (National City). Enclosed with the letter were transcripts reflecting all income received by petitioner during 2002, including the income from Progress and National City. The settlement officer allowed petitioner until September 30, 2010, to provide any additional information concerning his 2002 income tax liability and any collection alternatives to be considered. Petitioner signed for the letter on September 13, 2010, and failed to offer any response. Petitioner did not present any evidence to show that he had not received the wage income from Progress or the distribution from National City or that respondent's determination of his 2002 income tax liability was incorrect.

On October 25, 2010, the settlement officer sent to petitioner a Supplemental Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (supplemental notice), which sustained respondent's notice of intent to levy. The supplemental notice states, in pertinent part:

### SUMMARY AND DETERMINATION

The taxpayer requested a hearing with Appeals under the provisions of Internal Revenue Code Section 6330 as to the appropriateness of the issuance of a Notice of Intent to Levy. Appeals initial determination was that all legal and procedural requirements had been met, and the Issuance of the Notice of Intent to Levy had been appropriate. The taxpayer then petitioned the Tax Court, and the result was that the case was remanded to

Appeals with instructions that the taxpayer be granted a face to face hearing at the Appeals office nearest his residence for the purpose of disputing the underlying liability.

Per the courts order [sic], Appeals offered the taxpayer a second supplemental Collection Due Process hearing at the Appeals Office in Louisville, Kentucky. The taxpayer opted to instead conduct the hearing via correspondence. In the exchange of correspondence, the Settlement Officer explained the basis for the tax assessment. The taxpayer, however, did not provide any information or evidence to show the liability was not correct. Therefore, Appeals determination remains that the legal and procedural requirements have been met, the assessment of the liability is sustained, and the issuance of the Notice of Intent to Levy was appropriate.

On January 24, 2011, the case was called for trial. At trial petitioner chose not to testify and failed to present any evidence disputing respondent's determination of his underlying income tax liability or the proposed collection action. The Court ordered the parties to file posttrial memoranda on or before March 21, 2011. On April 20, 2011, the Court received a letter from petitioner explaining that he would not comply with this Court's order to submit a legal brief because it would "provide some semblance of justification for the existence of this case, which * * * [he was] unwilling to do."

OPINION

In a section 6330 proceeding the Court reviews issues concerning a taxpayer's underlying tax liability on a de novo basis. Goza v. Commissioner, 114 T.C. 176, 181 (2000). Petitioner has the burden of proof regarding his underlying tax

liability.  See Rule 142(a); Smith v. Commissioner, T.C. Memo. 2008-229.  Petitioner made no specific arguments and presented no evidence to bring into doubt the correctness of the underlying tax liability as calculated by respondent.  We therefore uphold respondent's determination of petitioner's 2002 tax liability.

The Court reviews administrative determinations by respondent's Office of Appeals regarding nonliability issues for abuse of discretion.  Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, supra.  The determination of an Appeals officer must take into consideration:  (1) The verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary.  Sec. 6330(c)(3); see also Hoyle v. Commissioner, supra; Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).

In the amended petition, petitioner made unsupported claims that respondent:  Did not meet all applicable requirements during petitioner's CDP hearing; did not provide petitioner a fair and impartial hearing; did not provide petitioner with requested documents or files; did not allow petitioner to dispute his underlying tax liability; did not allow petitioner to dispute any

discrepancies; did not inform petitioner of his rights; and did not provide petitioner any evidence supporting respondent's underlying tax claim.

Pursuant to our prior opinion this case was remanded to respondent's Office of Appeals for further consideration. The settlement officer then offered petitioner the opportunity for a face-to-face conference in Louisville, Kentucky (the Appeals Office closest to petitioner's residence). After repeatedly requesting a face-to-face hearing and disputing respondent's determination not to grant him a face-to-face hearing, petitioner elected to conduct the remanded CDP hearing by correspondence.

The settlement officer informed petitioner how respondent had determined petitioner's assessed deficiency for 2002 and provided petitioner with documentation supporting respondent's determination. The settlement officer also offered petitioner the opportunity to provide information concerning petitioner's unpaid tax liability and any potential collection alternatives. Petitioner failed to provide the settlement officer with any such information. On the basis of the information the settlement officer reviewed during his consideration of petitioner's CDP hearing request, petitioner's failure to dispute the income information he was provided with in connection with the underlying tax liability, and petitioner's failure to qualify for collection alternatives, the settlement officer sent to

petitioner a supplemental notice sustaining respondent's notice of intent to levy.

The settlement officer fully responded to petitioner's challenges to the proposed collection action during his consideration of petitioner's CDP hearing request. When petitioner questioned how respondent had determined his 2002 tax liability, the settlement officer sent petitioner a letter explaining the income information Progress and National City submitted to respondent, and provided petitioner with transcripts. Furthermore, the settlement officer verified that a notice of deficiency was mailed to petitioner at his last known address and that the assessment was properly made. The settlement officer also verified that the notice and demand for payment letter was mailed to petitioner at his last known address.

The settlement officer reviewed the available financial information regarding petitioner and concluded that collection by levy was appropriate. We find that the settlement officer complied with the requirements of section 6330(c)(3) by responding to the relevant issues petitioner raised and verifying that the requirements of applicable law and administrative procedure had been met. At trial petitioner offered no evidence to show that the settlement officer abused his discretion.

On the basis of the foregoing, we hold that the settlement officer did not abuse his discretion in sustaining the notice of intent to levy.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.