T.C. Summary Opinion 2017-8

UNITED STATES TAX COURT

TOMMY J. WALKER, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29915-15S.                    Filed February 13, 2017.

Tommy J. Walker, Jr., pro se.

<u>Phillip D. Hatfield</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's Federal income tax of $7,325 and $7,746 for 2013 and 2014, respectively.  The issues for decision are whether petitioner is entitled to:  (1) dependency exemption deductions for his girlfriend's son, G.G.B.H.,[2] and his cousin's daughter, K.J.; (2) child tax credits and additional child tax credits; (3) earned income tax credits; and (4) head of household filing status.

## Background

The parties filed a stipulation of facts with accompanying exhibits that are incorporated by this reference.

Petitioner resided in the State of California when his petition was filed with the Court.

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2] For privacy reasons, the Court refers to minor children by their initials. See Rule 27(a)(3).

Petitioner was employed and earned wages of $24,845 and $21,534 in 2013 and 2014, respectively. Petitioner's adjusted gross income was $24,845 and $23,534 for 2013 and 2014, respectively.

Throughout the years in issue petitioner resided full time with his girlfriend, Tiffany Clark, and her son, G.G.B.H., in a two-bedroom rental apartment on Maine Street in Vallejo, California (Maine Street apartment). Petitioner paid a portion of the rent whereas the remaining amount was government subsidized.

Petitioner is not the biological father of G.G.B.H., nor has he legally adopted the child. However, petitioner provided financial support for G.G.B.H., which allowed Ms. Clark to stay home and take care of the child. The amount petitioner provided was more than one-half of G.G.B.H.'s support for 2013 and 2014.

During the years in issue G.G.B.H. was enrolled at a local elementary school, Lincoln Elementary. Lincoln Elementary's records show G.G.B.H.'s home mailing address as the Maine Street apartment and that petitioner is one of G.G.B.H.'s guardians.

In 2013 K.J., the daughter of petitioner's cousin, moved into the Maine Street apartment. K.J. resided with petitioner because K.J.'s mother was having

financial difficulties.  In January 2014 K.J. moved out of the Maine Street apartment and no longer resided with petitioner.

Petitioner filed his 2013 and 2014 Federal income tax returns and elected head of household filing status.  On his returns he claimed:  (1) dependency exemption deductions for G.G.B.H. and K.J.; (2) child tax credits (2013 return only) and additional child tax credits; and (3) earned income tax credits.

Petitioner attached to the 2013 Federal income tax return a Schedule EIC, Earned Income Credit, on which he stated that K.J. resided with him for 10 months and that G.G.B.H. resided with him for 12 months.  Petitioner attached to the 2014 Federal income tax return a Schedule EIC on which he stated that both K.J. and G.G.B.H. resided with him for 12 months.

Respondent determined deficiencies in petitioner's Federal income tax for 2013 and 2014 of $7,325 and $7,746, respectively.  Respondent disallowed petitioner's claimed dependency exemption deductions, child tax credits and additional child tax credits, and earned income credits.  Respondent also changed petitioner's filing status from head of household to single and adjusted the standard deduction accordingly.

Petitioner filed a timely petition for redetermination with the Court.

## Discussion

A.  Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed.  Deputy v. du Pont, 308 U.S. 488 (1940).  Likewise, the taxpayer is obliged to demonstrate entitlement to an advantageous filing status, such as head of household.  See, e.g., Smith v. Commissioner, T.C. Memo. 2008-229.

B.  Dependency Exemption Deduction

Section 151(a) and (c) allows taxpayers an annual exemption deduction for each dependent as defined in section 152.  A "dependent" is either a "qualifying child" or a "qualifying relative".  Sec. 152(a).  The requirement is disjunctive and, accordingly, satisfaction of either the requirements for a qualifying child or the requirements for a qualifying relative allows an individual to be claimed by the taxpayer as a dependent.

A "qualifying child" means an individual who, among other requirements, bears a relationship to the taxpayer that is described in section 152(c)(2); namely,

the individual is a child of the taxpayer or a descendant of such a child; or a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of such relative.

Petitioner claimed G.G.B.H. and K.J. as his dependents. However, G.G.B.H. is petitioner's girlfriend's son, whom petitioner has not legally adopted, and K.J. is petitioner's cousin's daughter. Consequently, neither G.G.B.H. nor K.J. satisfies the relationship requirement of section 152(c)(2). Accordingly, neither is a "qualifying child" of petitioner for purposes of section 152. Thus, neither G.G.B.H. nor K.J. qualifies as a dependent of petitioner by virtue of being a "qualifying child".

Section 152(d) defines a "qualifying relative". Among other requirements, a qualifying relative must either satisfy one of the family relationships described in section 152(d)(2)(A)-(G) or be an individual who "for the taxable year of the taxpayer" has the same principal place of abode as the taxpayer and is a member of the taxpayer's household and for whom the taxpayer provides over one-half of the support. Sec. 152(d)(1)(C), (2)(H).

The regulations promulgated under section 152 clarify the requirement that an individual who does not satisfy one of the enumerated family relationships live

with the taxpayer for the entire taxable year in order to satisfy the relationship requirement of section 152(d)(2). Sec. 1.152-1(b), Income Tax Regs.

On his Schedule EIC for 2013 petitioner states that K.J. resided with him for 10 months, and on his Schedule EIC for 2014 petitioner states that K.J. resided with him for 12 months. However, at trial petitioner gave conflicting testimony as to the length of time that K.J. resided at the Maine Street apartment. Thus, petitioner testified that K.J. resided with him from January 2013 to January 2014 but also testified that K.J. resided with him for only 10 months in 2013. According to Ms. Clark, who also testified at trial, K.J. moved into the Maine Street apartment at some point during 2013 and moved out in January 2014. There is insufficient evidence in the record before us to support a finding that K.J. resided with petitioner for all of 2013 and 2014. Therefore, K.J. is not a "qualifying relative" of petitioner within the meaning of section 152(d) for either 2013 or 2014 and, for that reason, petitioner is not entitled to dependency exemption deductions for K.J. for those years by virtue of K.J.'s being a "qualifying relative".

On the other hand, on the Schedules EIC for 2013 and 2014 petitioner states that G.G.B.H. lived with him for the entire year. Furthermore, during the years in issue G.G.B.H. attended the local school, Lincoln Elementary. According to the

school's records G.G.B.H.'s home mailing address is the Maine Street apartment. Testimony at trial further supports the finding that G.G.B.H. resided full time with petitioner at the Maine Street apartment throughout both 2013 and 2014.

During the years in issue petitioner was employed and helped pay the household expenses. G.G.B.H.'s mother was unemployed and stayed home to take care of G.G.B.H. In addition to these matters, the totality of the other evidence adduced at trial supports the finding that petitioner provided at least half of G.G.B.H.'s support for each of the years in issue. Therefore, G.G.B.H. is a "qualifying relative" of petitioner within the meaning of section 152(d) and, as respondent effectively conceded the remaining requirements of section 152(d), petitioner is entitled to dependency exemption deductions for G.G.B.H. as a qualifying relative for 2013 and 2014.

C. Child Tax Credit and Additional Child Tax Credit

Section 24(a) and (c)(1) provides that a taxpayer is entitled to a child tax credit with respect to each "qualifying child", as defined in section 152(c), who has not attained age 17. Section 24(d) provides that a portion of the credit, commonly referred to as the additional child tax credit, may be refundable. As we have concluded that neither G.G.B.H. nor K.J. is a "qualifying child" of petitioner

as defined in section 152(c) for either 2013 or 2014, it follows as a matter of law that petitioner is not entitled to child tax credits or additional child tax credits.

D. Earned Income Tax Credit

In the case of an "eligible individual", section 32(a)(1) allows an earned income tax credit. The term "eligible individual" most commonly means an individual who has a qualifying child for the taxable year. Sec. 32(c)(1)(A)(i). An individual who does not have a qualifying child may also be an eligible individual if certain other requirements are satisfied. Sec. 32(c)(1)(A)(ii). However, for such latter individual the amount of the earned income tax credit is not as generous and the credit is phased out at a much lower income level.[3] See sec. 32(a) and (b).

For purposes of the income earned tax credit, the term "qualifying child" generally means a qualifying child as defined in section 152(c). Sec. 32(c)(3). The term "earned income" generally means the sum of the taxpayer's wages, salaries, tips, other employment compensation, and earnings from

---

[3] The earned income tax credit is completely phased out for a taxpayer who does not have a qualifying child and whose earned income equals or exceeds $14,340 and $14,590 for 2013 and 2014, respectively. See Rev. Proc. 2013-15, sec. 2.05, 2013-5 I.R.B. 444, 446; Rev. Proc. 2013-35, sec. 3.06, 2013-47 I.R.B. 537, 540.

self-employment that is includable in gross income for the taxable year. <u>See</u> sec. 32(c)(2).

We have already held that neither G.G.B.H. nor K.J. was a qualifying child of petitioner as defined in section 152(c) for either of the years in issue. Further, petitioner had earned income within the meaning of section 32(c) of $24,845 for 2013 and $21,534 for 2014.[4] Accordingly, petitioner is not entitled to an earned income tax credit for either 2013 or 2014.

E. <u>Head of Household Filing Status</u>

Section 1(b) imposes an advantageous tax rate schedule for an individual who is a "head of household" as defined in section 2(b). An individual qualifies as a head of household if, as relevant herein, he or she maintains as his or her home a household that constitutes the principal place of abode of a "qualifying child" as defined in section 152(c) or a dependent under section 151. Sec. 2(b)(1)(A).

As discussed above, K.J. is neither a qualifying child nor a qualifying relative of petitioner and therefore is not a dependent of petitioner for either 2013 or 2014. However, G.G.B.H. is a dependent of petitioner under section 151 for

---

[4] See <u>supra</u> note 3 regarding the consequence of petitioner's having "too much" earned income.

2013 and 2014 because he is a qualifying relative of petitioner under section 152(a)(2) and (d) for those years.  Therefore, petitioner is entitled to head of household filing status for 2013 and 2014.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>[5]

---

[5] The form of decision to be submitted by the parties shall take into account any "frozen refunds" for either of the years in issue.